MORRIS HOFFMAN *vs.* CHARLESTOWN FIVE CENTS SAVINGS BANK.

Suffolk.    November 20, 1918. — November 26, 1918.

Present: LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Soldiers' and Sailors' Civil Relief Act.   Agency.   Waiver.   Frauds, Statute of,* R. L. c. 74, § 1, cl. 4, c. 147, § 1.  *Trust,* Oral.  *Equity Jurisdiction,* To foreclose mortgage.  *Mortgage,* Of real estate.

The benefit of the provision of the soldiers' and sailors' civil relief act contained in § 302 of U. S. St. 1918, c. 20, is not limited to property used by a soldier or sailor or by his dependents for business or dwelling purposes.

Under U. S. St. 1918, c. 20, § 302, cl. 3, no sale of land under a power of sale in a mortgage is valid if made during the military service of the owner of the land or within three months thereafter unless such sale is ordered by a court.

The fact, that an agent of a person in the military service of the United States, who had charge of the land beneficially owned by such person subject to a mortgage, had full knowledge of the foreclosure sale and acquiesced in and actively approved of it, does not deprive such military owner of his right given by U. S. St. 1918, c. 20, § 302, because the right is a personal one which cannot be waived by an agent.

The defence that an oral contract for a sale of land or an interest therein or an oral trust concerning land is within the statute of frauds under R. L. c. 74, § 1, cl. 4, or R. L. c. 147, § 1, cannot be set up by a third person, the statute of frauds being a defence only to the parties to the contract, which they are not obliged to set up unless they choose to do so.

Assuming that except under special circumstances there is no jurisdiction in equity in this Commonwealth to foreclose a mortgage of real estate containing a power

of sale, the existence of the soldiers' and sailors' civil relief act is a special circumstance which gives the courts of equity in this Commonwealth jurisdiction to foreclose such mortgages made within the time specified in the act.

There is no question of the constitutionality of U. S. St. 1918, c. 20, called the soldiers' and sailors' civil relief act, it being a war measure within the power of Congress and therefore the supreme law of the land governing the foreclosure of mortgages of real estate within the territorial limits of the Commonwealth.

BILL IN EQUITY, filed in the Superior Court on May 28, 1918, alleging that the plaintiff was a first lieutenant in the United States Army stationed at the United States Army Hospital at Ellis Island in the city of New York in the State of New York, that on November 22, 1917, the plaintiff was the holder of a mortgage made by one Abraham Cheren upon certain land and the buildings thereon on Hancock Street and on Joy Street in Boston, that the premises were subject to a prior mortgage for $18,000 held by the defendant, the Charlestown Five Cents Savings Bank, that on January 31, 1917, the plaintiff for a breach of condition in the mortgage held by him sold the premises at public auction under the terms of his mortgage, that the plaintiff, having received his appointment to the United States Army, not knowing the exact date of his being called to the army and knowing the uncertainty of life, caused the premises to be conveyed to the plaintiff's mother, Bessie Hoffman, who at the time of the filing of the bill was the holder of the property for the benefit of the plaintiff, that the interest on the prior mortgage held by the defendant would come due on July 29, 1918, and on information and belief alleging that, while the plaintiff was absent in New York in the service of the United States Army, the defendant, without notice to the plaintiff and when there was no breach of condition of the mortgage held by the defendant, took possession of the premises and advertised them to be sold at foreclosure on Monday, May 27, 1918, at three o'clock in the afternoon, at which time and without notice to the plaintiff the premises were sold to some person unknown to the plaintiff, and that the defendant conspired with divers persons unknown to the plaintiff to deprive the plaintiff by fraud of his rights in such real estate. The prayers of the bill were (1) that the defendant be enjoined and restrained from proceeding further with the foreclosure of the mortgage, (2) that the defendant be enjoined and restrained from placing on record in the Suffolk registry of deeds any papers affecting the title

to the premises, (3) that the defendant be ordered to vacate its possession of the premises, (4) that the defendant be ordered to account for any and all rents collected by the defendant, and (5) for further relief.

The case was referred to a master, who filed a report containing the findings that are stated in the opinion. The plaintiff filed two objections to the master's report, in regard to the first of which the master at the conclusion of his report made the following statement: "The first objection states that the master rules, 'As a matter of law that the United States act of Congress approved by the President on March 8, 1918, does not apply to the plaintiff.' I have made no such ruling. My ruling is that on the facts found the act apparently does not apply, but that the matter as to whether it does or does not apply and as to whether the plaintiff is on the facts found entitled to any relief is a matter for the court rather than for the master."

The plaintiff filed an exception to the master's report "in that the master refuses to rule as a matter of law, that the United States act of Congress, approved by the President on March 8, 1918, does not apply to the plaintiff."

The case was heard by *Jenney,* J., who made an interlocutory decree overruling the plaintiff's exception to the master's report and ordering that the report of the master be confirmed. Later the same judge made a final decree that the bill be dismissed; and the plaintiff appealed.

Section 302 of U. S. St. 1918, c. 20, approved March 8, 1918, is as follows:

"(1) That the provisions of this section shall apply only to obligations originating prior to the date of approval of this act and secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by him.

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service, the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in

military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service —

(a)  Stay the proceedings as provided in this act; or

(b)  Make such other disposition of the case as may be equitable to conserve the interests of all parties.

" (3)  No sale under a power of sale or under a judgment entered upon warrant of attorney to confess judgment contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted by the court and a return thereto made and approved by the court."

J. P. Williams, for the plaintiff.

E. W. Bancroft, for the defendant.

LORING, J.  This is a bill brought in behalf of an officer in the military service of the United States outside the Commonwealth to get relief from the foreclosure of a mortgage made in violation of § 302, cl. 3 of U. S. St. 1918, c. 20, (40 U. S. Sts. at Large, 444,) entitled the soldiers' and sailors' civil relief act, which was approved on March 8, 1918.

The case was sent to a master.  From his report it appears that, "expecting to be called for service in the army," the plaintiff by the foreclosure of a third mortgage conveyed the land and buildings here in question to his mother subject to a first mortgage to the defendant as well as to a second mortgage to a third person. Thereafter it was agreed between the plaintiff and his mother by "an oral trust and general agreement" that the property should be his unless he failed to return from the war and in that case it should be hers.  Within a month the plaintiff received orders to report for active duty on March 8, 1918.  On that day he did report and has been on active duty since that time as a lieutenant in the United States Army.

The defendant's first contention is that § 302 here in question is "limited to property used by a soldier or sailor or by his dependents for business or dwelling purposes."  But there is no such limitation in that section.  The contention is based on a note made by persons who assisted in making the draft of the bill which resulted in the act here in question, see Special April Number, 1918,

of the Massachusetts Law Quarterly at page 212. It would seem from this note that the original draft of § 302 contained such a limitation. But after the bill was introduced in the House of Representatives the Judiciary Committee "produced a new bill." See Massachusetts Law Quarterly, *ubi supra,* at page 204. The explanation would seem to be that the note which applied to the draft has been published as a note to the act and the limitation in question never became a part of the section as it was enacted.

The next contention of the defendant is based upon a finding of the master, that the bank had no notice or reason to suppose that the plaintiff was the owner of the property in question. There is nothing in the section here in question which limits its provisions to owners of record or to cases where the mortgagee in fact knew or had reason to know who the owner of the property was. The act in terms includes every case where the mortgaged property is "owned by a person in military service at the commencement of the period of the military service and [is] still so owned by him." If the section is construed to apply in every case where the owner is in the military service of the United States whether the mortgagee did or did not know who the owner was, it would seem on the face of it to be a drastic statute. The fact of the owner (when he is ascertained) being or not being in the military service of the United States is a fact which it is at least as hard for the mortgagee to find out as it is for the mortgagee to find out who the owner of the property is. Yet without question there is no such limitation as to that fact. When the relief given by clause 3 of § 302 is taken into account the section construed as stated above is not a drastic one. The section does not forbid the foreclosure of mortgages on property owned by persons in the military service of the United States. What the section does forbid is the foreclosure of such a mortgage under a power of sale (contained in it) "unless [the sale under the power is made] upon an order of sale previously granted by the court and a return thereto made and approved by the court." Clause 3 of § 302 was enacted to secure to every person in the military service of the United States who owns property subject to a mortgage within the act the relief to which he is entitled under the act. The defendant has urged against this construction of the section, that if that be the true construction of it the result is that until the termination of the time specified in

the act no mortgage can be foreclosed by any mortgagee except under an order of court and it cannot be that that was the intention of Congress. We are of opinion that this is the result of the true construction of the act, for in that way alone can a mortgagee be certain that the foreclosure of his mortgage will not be made in violation of the act. We are of opinion, that since this is the result of the true construction of the act, this must be taken to have been the intention of Congress.

The next contention of the defendant is that on the findings of the master the father of the plaintiff, who was the plaintiff's agent in the care of the property in question, had full knowledge of the foreclosure sale and acquiesced in and in fact approved of it. The protection given by the act is given to the person in the military service of the United States. The right given to him is personal to him. For that reason the knowledge, acquiescence and approval of the plaintiff's agent for the care of the property is of no consequence.

There are three matters which ought not to be passed by, although they have not been referred to in argument.

The act applies to persons in the military service of the United States who are equitable as well as to those who are legal owners of property covered by mortgages within the act. The plaintiff was the equitable owner of the property here in question although the trust and agreement which brought his equitable ownership into being was within the statute of frauds (R. L. c. 74, § 1, cl. 4, and R. L. c. 147, § 1), and the statute of frauds was not satisfied. The defence of the statute of frauds is a defence which is personal to the maker of the contract and cannot be set up by a third person. *Cahill* v. *Bigelow*, 18 Pick. 369. *Ames* v. *Jackson*, 115 Mass. 508. *Bullard* v. *Smith*, 139 Mass. 492, 498. *Bailey* v. *Wood*, 211 Mass. 37. As against third persons a contract within the statute of frauds is effective although the statute is not satisfied.

If it is to be taken that except under special circumstances there is no jurisdiction in equity in this Commonwealth to foreclose a power of sale mortgage (see *Old Colony Trust Co.* v. *Great White Spirit Co.* 178 Mass. 92), the existence of the soldiers' and sailors' civil relief act is a special circumstance which is sufficient to give the equity courts of the Commonwealth jurisdiction to foreclose such mortgages within the time specified in the act.

There can be no question of the constitutionality of the act. It is a war measure within the power of Congress, therefore the supreme law of the land. For this reason it governs the foreclosure of mortgages on real estate within the territorial limits of the Commonwealth.

The decree appealed from must be reversed and a decree entered enjoining the defendant from conveying the property covered by the mortgage here in question to the person who bought it at the attempted foreclosure sale set forth in the bill. The plaintiff is entitled to his costs.

*Decree accordingly.*