ROBERT M. MORSE, & another, trustees, *vs.* WILLIAM J. STOBER & others.

Suffolk.    March 14, 1919. — June 23, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Specific performance. *Mortgage,* Foreclosure. *Soldiers' and Sailors' Civil Relief Act. Equity Pleading and Practice;* Reservation.

A title to real estate, not a good title of record, may be shown by oral or other evidence outside the record to be marketable beyond any reasonable doubt, so that specific performance of a contract for conveyance of the real estate which does not expressly require a conveyance of a good title of record will be enforced in equity.

While the only way in which a mortgagee under a Massachusetts statutory power of sale mortgage of real estate, in purchasing the property at a sale in foreclosure of his mortgage, can get a clear record title while U. S. St. 1918, c. 20, § 302, known as the Soldiers' and Sailors' Civil Relief Act, is in force is, as decided in *Hoffman* v. *Charlestown Five Cents Savings Bank,* 231 Mass. 324, to foreclose

the mortgage under an order of a court of equity as therein described, nevertheless it is not impossible that, if such a mortgagee, after purchasing the real estate at a foreclosure sale without such an order of a court, made a contract in writing to convey the real estate, he may be able to maintain a suit in equity for the specific performance of such contract by proving beyond a reasonable doubt that no person in the military service of the United States had any interest, legal or equitable, in the premises in question.

Where, in such a suit, the plaintiff alleged that no person in the military service of the United States had any interest in the premises, and there were included as defendants, besides those who had agreed to purchase the real estate, all persons whose names appeared of record as having any interest in the premises since August, 1915, and all the defendants except one, against whom the bill was taken *pro confesso*, admitted the allegations of the bill, upon the suit being reserved for determination of this court upon the bill and answers, it was *held*, that, no evidence having been presented, the suit must stand for a hearing of the question of fact, whether any person in the military service of the United States had any interest in the premises in question.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 21, 1918, and afterwards amended, for specific performance of a contract to purchase real estate.

The pleadings are described in the opinion. The suit was reserved by *De Courcy*, J., upon the amended bill and answers for determination by the full court.

*C. S. Rackemann*, (*J. Noble* with him,) for the plaintiffs.

*J. D. Graham*, for the defendants.

RUGG, C. J. This is a suit in equity praying for the specific performance of an agreement to buy real estate. The question is, whether the plaintiffs are able to convey "a good and clear title thereto free from all incumbrances" except certain taxes and party wall agreements. The pertinent facts are, that the plaintiffs, being the holders of a first mortgage in the common form containing the statutory conditions and the statutory power of sale created by St. 1912, c. 502, made entry in due form to foreclose the mortgage on August 5, 1918, certificate whereof was seasonably recorded, and without order of court sold the premises in accordance with the power at public auction on September 4, 1918, all for breach of the condition of the mortgage, and became themselves the purchasers at the foreclosure sale. A deed in the usual form was executed and recorded. A contract of sale thereafter was made between the plaintiffs and the defendants Holdsworth and Farrington. The latter refuse to carry out the contract and accept the deed on the ground that the foreclosure was not

made in pursuance of an order of court as provided by § 302, cl. 3, c. 20 of Act of Congress approved March 8, 1918 (40 U. S. Sts. at Large, 444), known as the Soldiers' and Sailors' Civil Relief Act.

The affidavit of sale made and filed in accordance with the power of sale set forth that the owner of the equity of redemption was not in the military service of the United States. Three persons, being all whose names appear of record as having had an interest in the premises in question since August, 1915, a date antecedent to the entry of the United States into the great war, are joined as defendants and it is alleged that no persons other than these have any legal or equitable interest in the premises. The bill has been taken for confessed against one of these three defendants, and the other two have answered that they have never been in the military service of the United States and have no interest in the premises. The answer of the defendants Holdsworth and Farrington admits all the allegations of fact in the bill and that, according to their information and belief, no party interested in said premises was in the military service of the United States as defined in said act of Congress; but it avers that because the power of sale to foreclose the mortgage was not exercised under and by authority of a court as required by said act of Congress, the plaintiffs cannot give a good and sufficient title to the premises, and that therefore specific performance of the agreement ought not to be enforced.

The meaning of a good and clear and sufficient title is settled in this Commonwealth by repeated decisions. It was said by Knowlton, J., in *Conley* v. *Finn*, 171 Mass. 70, at page 72, summarizing the effect of numerous earlier cases there collected: "The general rule is, that, in order to maintain a suit for specific performance against a purchaser of real estate, the plaintiff must show that the title is good beyond a reasonable doubt. . . . But the mere possibility or suspicion of a defect is not enough to relieve a purchaser from liability under his contract. . . . In *First African Methodist Episcopal Society* v. *Brown*, 147 Mass. 296, 298, Mr. Justice Devens says of the doubt which will relieve a purchaser of real estate from his obligation specifically to perform his contract, that it 'must be reasonable, and such as would cause a prudent man to pause and hesitate before investing his

money. It would be seldom that a case could occur where some state of facts might not be imagined which, if it existed, would defeat a title. When questions as to the validity of a title are settled beyond reasonable doubt, although there may be still the possibility of a defect, such mere possibility will not exempt one from his liability to complete the purchase he has made. . . . It would be often practically impossible for a party to negative all objections which might be imagined, and which, if they existed, would defeat his title.'" In *Close* v. *Martin,* 208 Mass. 236, at page 239, it was said: "When the defendant insisted upon a title which the attorney could absolutely guarantee never would cause him trouble, he asked for a better title than equity requires a purchaser to accept. A title which is good beyond a reasonable doubt is a title which equity requires a purchaser to take." *Foster, Hall & Adams Co.* v. *Sayles,* 213 Mass. 319, 321. In the application of these principles it has been held that a defect in title which had been cured by disseisen might be found good and marketable, *Aroian* v. *Fairbanks,* 216 Mass. 215, and that the condition of a bond, secured by mortgage, although undischarged of record, had been fully performed. *Shanahan* v. *Chandler,* 218 Mass. 441.

A title not good on the record thus may be shown by oral or other evidence outside the record to be marketable beyond any reasonable doubt, so that specific performance of a contract for conveyance will be enforced in equity. The contract here in suit did not call for a title clear and perfect on the record of the registry of deeds. The rights of the parties to the suit now at bar must be determined according to these well settled principles.

The act of Congress does not require in terms that all mortgages upon real estate be foreclosed under order of court. Grave constitutional questions might lie in the way of an act of such sweep. It does provide that "No sale under a power of sale" to enforce an obligation originating prior to the date of the approval of that act of Congress, "and secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service [as defined in the act] at the commencement of the period of the military service and still so owned by him, . . . shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted

by the court and a return thereto made and approved by the court."

It was held in *Hoffman* v. *Charlestown Five Cents Savings Bank*, 231 Mass. 324, decided last November, that the act of Congress applies to equitable as well as legal interests constituting property in real estate and owned by a person in military service, without limitation as to use or amount, whether known to the mortgagee or not and whether appearing of record or not. The act of Congress in this regard takes no account of our statutes as to registration of deeds. · The foreclosure of a mortgage by sale under a power of sale affecting any such property right of a person in military service, is forbidden by the act unless made under order of court as therein. provided. It further was said in that opinion, "Clause 3 of § 302 was enacted to secure to every person in the military service of the United States who owns property subject to a 'mortgage within the act the relief to which he is entitled under the act. The defendant has urged against this construction of the section, that if that be the true construction of it the result is that until the termination of the time· specified in the act no mortgage can be foreclosed by any mortgagee except .under an order of court and it cannot be that that was the intention of Congress. We are of opinion that this is the result of the true construction of the act, for in that way alone can a mortgagee be certain that the foreclosure of his mortgage will not be made in violation of the act. We are of opinion, that since this is the result of the true construction of the act, this must be taken to have been the intention of Congress."

'This construction of the act of Congress (in the absence of a contrary decision by the Supreme Court of the United States) must be accepted as sound. It does not mean, however, that in all cases it is and must be impossible to satisfy a court of equity beyond a reasonable doubt that no person in the military service of the United States had any interest in the property subject to the mortgage which has been foreclosed. The meaning of the decision in *Hoffman* v. *Charlestown Five Cents Savings Bank* is that the safe course for the mortgagee is to foreclose his mortgage under the order of a court of equity. It is only by pursuing that course that he gets a record title not open to successful attack under the said act of Congress, and therefore in that way alone

can he be certain that the foreclosure of his mortgage will not be made in violation of that act of Congress. But it is not a proposition unprovable in the nature of things or practically impossible to show beyond doubt in a court of equity that no person in the military service of the United States had an interest in the premises described in a mortgage foreclosed without order of court.

A mortgagee who forecloses his mortgage under the power of sale therein contained, without an order of court during the time specified in said c. 20 of the act of Congress, known as the Soldiers' and Sailors' Civil Relief Act, assumes a heavy burden of proof when he undertakes to enforce specific performance of his agreement to convey by good title the land so foreclosed. But it is not a burden of proof incapable of being sustained as matter of law. Circumstances attendant upon the history of a particular title and its record owners may be such as to exclude every rational hypothesis compatible with the notion that a person in the military service of the United States has an interest in it likely to be affected by the foreclosure. Evidence may make it clear beyond a reasonable doubt that no such person has any interest in specified real estate. The allegations of the present bill, to the effect that no person in the military service of the United States has an interest in the premises, in the nature of things is or may be susceptible of legal proof.

The question, whether in truth a person in the military service of the United States had any interest in the premises which are the subject of the present suit, was one of fact and not of law. *Shanahan* v. *Chandler*, 218 Mass. 441, 443, 444. Its decision depends upon the hearing and weighing of evidence. No evidence has been presented. The case is reserved merely upon the bill and answers. It follows that the case must stand for hearing. If the plaintiffs succeed in maintaining the burden of proof and demonstrating to the satisfaction of the court that no person in the military service had any interest in the property according to the principles heretofore stated, then they will be entitled to a decree; otherwise, the bill must be dismissed.

*Case to stand for hearing.*