## GREAT BARRINGTON SAVINGS BANK *vs.* HENRIETTA L. BROWN.

Berkshire.   September 20, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Soldiers' and Sailors' Civil Relief Act.   Equity Jurisdiction,* To foreclose mortgage.  *Mortgage,* Of real estate: foreclosure.  *Devise and Legacy.*

The courts of the Commonwealth have jurisdiction of a suit in equity by a mortgagee against a mortgagor seeking authority under U. S. St. 1918, c. 20, § 302, cl. 3, to foreclose a mortgage of real estate.

A will provided: "After my lawful debts are paid, I give unto my dear and beloved wife, . . . all my estate of whatsoever kind and wheresoever situated, real, personal and mixed, to have and to hold to her, her heirs and assigns forever in absolute ownership." A widow, four sons and a daughter survived the testator, who died in 1906. In 1912, the widow gave a power of sale mortgage of the real estate in the usual form. Three of the sons entered the military service in the world war. In 1920, after a breach of the mortgage conditions and when some debts of the testator still were unpaid, the mortgagee brought a suit in equity seeking authority under U. S. St. 1918, c. 20, § 302, cl. 3, to foreclose the mortgage. *Held,* that

(1) The devise to the widow was not subject to a condition under which she was not to take title until after the debts of the testator were paid;

(2) The defendant was bound by the terms of the mortgage;

(3) None of the testator's sons had any interest in the real estate, legal or equitable;

(4) The provisions of the soldiers' and sailors' civil relief act had no application.

BILL IN EQUITY, filed in the Superior Court on August 25, 1920, against Henrietta L. Brown, for a decree under U. S. St. 1918, c. 20, § 302, cl. 3, authorizing a foreclosure of mortgages of real estate given by the defendant to the plaintiff and dated, respectively, January 1, 1912, and July 17, 1917.

In the Superior Court, the suit was heard by *Fosdick,* J. Material facts found by the judge are described in the opinion. By order of the judge a final decree was entered in accordance with the prayers of the bill. The defendant appealed.

*H. C. Joyner,* for the defendant.

*O. C. Bidwell,* for the plaintiff.

CROSBY, J. This is a suit in equity praying for a decree authorizing the foreclosure by sale of two mortgages under § 302, cl. 3, c. 20 of U. S. St. 1918, approved March 8, 1918 (40 U. S. Sts. at Large, 444), known as the soldiers' and sailors' civil relief act. The suit is brought because of the act, but not under its authority. It is brought under the general jurisdiction given the equity courts of the Commonwealth, which is broad enough in the present case to authorize a proper decree for foreclosure and sale.

It was said in *Hoffman* v. *Charlestown Five Cents Savings Bank,* 231 Mass. 324, at page 329: "If it is to be taken that except under special circumstances there is no jurisdiction in equity in this Commonwealth to foreclose a power of sale mortgage (see *Old Colony Trust Co.* v. *Great White Spirit Co.* 178 Mass. 92), the existence of the soldiers' and sailors' civil relief act is a special circumstance which is sufficient to give the equity courts of the Commonwealth jurisdiction to foreclose such mortgages within the time specified in the act." See also *John Hancock Mutual Life Ins. Co.* v. *Lester,* 234 Mass. 559, 561.

The case was heard by a judge of the Superior Court who found that the defendant is the widow of William L. Brown whose legal residence at the time of his death was in the city of New York; that he died on December 13, 1906, testate, leaving besides his widow four sons and one daughter, all of legal age at the time of the bringing of the suit; that soon after his death his will was admitted to probate in New York, and, later, in the county of Berkshire in this Commonwealth; and that ancillary letters of administration were granted to the defendant as executrix named in the will, more than four years before the giving of the mortgages in question. The first clause of the will is as follows: "After my lawful debts are paid, I give unto my dear and beloved wife, Henrietta Jeffries Brown, all my estate of whatsoever kind and wheresoever situated, real, personal and mixed, to have and to hold to her, her heirs and assigns forever in absolute ownership." No license to sell or to mortgage the real estate covered by the mortgages has been granted to the defendant in her capacity as executrix by the Probate Court of Berkshire County. The court also found that certain debts due from the estate have not been paid and that at the time of the filing of the bill there were breaches of the conditions of both mortgages sufficient to warrant fore-

closure. The judge further found that three of the defendant's sons were in the military service of the United States during the great war; but he did "not feel warranted in inferring that any of them was . . . still in the military service, in view of the lapse of time since the cessation of hostilities."

At the close of the evidence, the defendant made the following requests for rulings, which were refused:

"1. The defendant had no title to the premises at the time the mortgages were given sufficient to authorize her to mortgage the property without license from the Probate Court.

"2. The mortgages cannot be foreclosed by sale of the property while either of the sons of the mortgagor is in the service of the United States."

While the estate devised to the defendant was subject to the payment of the testator's debts if it should be needed to satisfy them and proceedings for their collection were instituted within the statutory period, still the defendant's title under the will was not conditional upon the payment of such debts; her title was absolute, although it might be divested if proper proceedings were taken by creditors to enforce their demands. It would appear from the findings that the claims of unsecured creditors were barred by statute. G. L. c. 197, § 9. However that may be, the defendant was entitled to convey by mortgage whatever title or interest she had in the real estate; and she is bound by the terms of the mortgages which she executed and delivered to the plaintiff. Undoubtedly it was the intention of the testator that his lawful debts should be paid out of his estate; the provision in the will for such payment amounts to nothing more than what would be required by law in the absence of a provision to that effect; and the devise is not to be construed as being subject to a condition under which the defendant is not to take title until after the debts are paid; accordingly the first ruling requested by the defendant properly could not have been made.

Clause 1, § 302, c. 20 of the soldiers' and sailors' civil relief act provides, "That the provisions of this section shall apply only to obligations originating prior to the date of approval of this act and secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period

·of the military service and still so owned by him." As the record shows that the title to the real estate described in the mortgages was devised to the widow and is owned by her, it follows that none of the testator's sons own or has any interest therein either legal or equitable. The judge refused to make the second ruling requested by the defendant and correctly ruled that none of the defendant's children had any interest in the real estate, and that the provisions of the soldiers' and sailors' relief act have no appli·cation in the case at bar. *Hoffman* v. *Charlestown Five Cents Savings Bank, supra,* and *Morse* v. *Stober,* 233 Mass. 223, cited by the defendant, are distinguishable in their facts from those in the present case. See *Kendall* v. *Bolster, ante,* 152.

*Decree affirmed with costs of the appeal.*