[Civil No. 4476. Filed February 16, 1942.]

[122 Pac. (2d) 210.]

WIRT BEECHER TWITCHELL, Jr., Appellant, v. HOME OWNERS' LOAN CORPORATION, a Corporation, Appellee.

Mr. Henry H. Miller, for Appellant.

Mr. Milton L. Ollerton, for Appellee.

LOCKWOOD, C. J.—This is an action by Home Owners' Loan Corporation, plaintiff, filed July 29, 1941, against Ethel I. Twitchell, Luella Twitchell Fedderson, Robert Fedderson, Jr., defendants, and others, to foreclose a mortgage on lot 10, re-plat of lot 28, Los Olivos Amended, an addition to the city of Phoenix.

Plaintiff claimed that the payments on the note evincing the indebtedness, for which the mortgage was given as security, were past due, and that by reason thereof, and an acceleration clause in the note

and mortgage, the whole amount was due and payable.

Wirt Beecher Twitchell, Jr., filed a motion to intervene and an answer in support of his motion. The allegations of the motion were substantially as follows: In 1938 he left the University of Southern California and discontinued his education in order to help support his mother, Ethel I. Twitchell, one of the defendants herein, and to take care of her property. It was then understood and agreed between them that in consideration of such support and his taking care of the payments on the property, she would convey to him the premises subject to the mortgage, and that at the time of the motion she had ratified and confirmed such agreement. In reliance upon such agreement intervener made payments on the note and mortgage up to January 6, 1941, and also paid the taxes on such premises up to that date, amounting all told to several hundred dollars. On said last date he was inducted into the military service of the United States by his Selective Service Board, and at the time of his motion was a sergeant in the United States Army. Because of reduced income by reason of his service in the army he had been unable to make payments on the note and mortgage aforesaid since the time of his induction, but would be able to, and would, resume such payments as soon as he was discharged from the military service. He alleged that because of the foregoing facts he owned an equitable interest in the premises, and, under the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A. Appendix, § 501 et seq., was entitled to intervene and to have the mortgage foreclosure, as aforesaid, continued and held in abeyance until the time of his discharge from the army. The trial court denied the motion to intervene and intervener has appealed.

The sole question for our consideration is whether upon the facts alleged in the motion the court erred in denying it. This depends upon the construction of the provisions of the Soldiers' and Sailors' Relief Act of October 17, 1940, duly adopted by the federal government. The pertinent portion of the Act is section 302 thereof, which reads as follows:

"(1) The provisions of this section shall apply only to obligations originating prior to the date of approval of this Act and secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property *owned by a person in military service* at the commencement of the period of the military service *and still so owned by him.*

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service, the court may, after hearing, in its discretion, on its own motion, and shall, except as provided in section 303 (section 533 of this appendix), on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service—

"(a) stay the proceedings as provided in this Act; or

"(b) make such other disposition of the case as may be equitable to conserve the interests of all parties.

"(3) No sale under a power of sale or under a judgment entered upon warrant of attorney to confess judgment contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted by the court and a return thereto made and approved by the court." (Italics ours.)

It is agreed by both plaintiff and intervener that if the latter falls within the meaning of the Act, as the owner of the property in question, he was entitled to intervene, but if he is not such owner, he may not. It is admitted that the record title to the property is in defendant Ethel I. Twitchell, and was at the time intervener entered the military service of the United States, but the latter contends that under the facts set forth he has an equitable interest in the property, and that equitable, as well as legal, interests come within the spirit and intention of the Act as making him an owner of such property and, therefore, entitled to intervene.

The only cases which we have been able to find which bear precisely upon this question are *Hoffman* v. *Charlestown Five Cents Sav. Bank,* 231 Mass. 324, 121 N. E. 15, and *Morse* v. *Stober,* 233 Mass. 223, 123 N. E. 780, 9 A. L. R. 78. In the case first cited the facts were as follows [231 Mass. 324, 121 N. E. 16]:

"The case was sent to a master. From his report it appears that, 'expecting to be called for service in the army,' the plaintiff by the foreclosure of a third mortgage conveyed the land and buildings here in question to his mother subject to a first mortgage to the defendant as well as to a second mortgage to a third person. Thereafter it was agreed between the plaintiff and his mother by 'an oral trust and general agreement' that the property should be his unless he failed to return from the war and in that case it should be hers. Within a month the plaintiff received orders to report for active duty on March 8, 1918. On that day he did report and has been on active duty since that time as lieutenant in the United States Army."

It will be seen that the situation presented was in principle, although not in detail, analogous to the one appearing in the present case. The court said:

"The act applies to persons in the military service of the United States who are equitable as well as to those who are legal owners of property covered by mortgages within the act. The plaintiff was the equitable owner of the property here in question although the trust and agreement which brought his equitable ownership into being was within the statute of frauds (Rev. Laws, c. 74, § 1, and R. L. c. 147, § 1) and the statute of frauds was not satisfied. The defense of the statute of frauds is a defense which is personal to the maker of the contract and cannot be set up by a third person. [Citing cases]. As against third persons a contract within the statute of frauds is effective although the statute is not satisfied.

. . . . . . . . . . . . .

"There can be no question of the constitutionality of the act. It is a war measure within the power of Congress therefore the supreme law of the land. For this reason it governs the foreclosure of mortgages on real estate within the territorial limits of the commonwealth."

And in the second case cited it was held [233 Mass. 223, 123 N. E. 781, 9 A. L. R. 78]:

"It was held in *Hoffman* v. *Charlestown Five Cents Savings Bank*, 231 Mass. 324, 121 N. E. 15, decided last November, that the act of Congress applies to equitable as well as legal interests constituting property in real estate and owned by a person in military service, without limitation as to use or amount, whether known to the mortgagee or not, and whether appearing of record or not. The act of Congress in this regard takes no account of our statutes as to registration of deeds. . . . "

 We think these decisions are consonant with the spirit of the Act. It was meant to protect the interests of those who were called to the defense of their country and who, for that reason, were unable to keep up the payments upon obligations which they had incurred previous to their being called into service. The Act has always been upheld as a proper

exercise of the war powers of the federal government. We think it would violate its spirit if it were held to protect only legal, and not equitable, interests.

It will be seen upon an examination of the statute that the court is given considerable discretion as to what action it should take when the Act is applicable. The proceedings may be stayed, or the court may make such other disposition of the case as is equitable to conserve the interest of all parties.

 We must, of course, assume for the purpose of the motion that all the facts therein stated are true. We think under the circumstances, if these facts are true, intervener did have an equitable, as distinct from merely a moral, interest in the property, which was entitled to protection under the Act, and he was entitled to intervene and be heard thereon so that the court might properly protect that interest. What form that protection should take is a matter for the sound legal discretion of the court.

The order denying the motion to intervene is set aside and the case remanded with instructions to permit the intervention and for such further proceedings as the court upon hearing may think proper to protect the interests of all the parties.

McALISTER and ROSS, JJ., concur.