In the Matter of the Application of RUTH CHARKIN, Petitioner, for an Order Discharging of Record a Notice of a Mechanic's Lien, Filed by MAHER & SON, INC., as Lienor, Respondent, against Premises Known as 2204 New Haven Avenue, Far Rockaway.

Supreme Court, Special Term, Queens County, April 5, 1943.

*Bornstein & Bornstein* for petitioner.

*Regan & Murray* for respondent.

FROESSEL, J.   This is an application pursuant to subdivision 2 of section 19 of the Lien Law to discharge a certain notice of mechanic's lien filed January 29, 1942, in the sum of $165.97, representing a balance of an original claim of $1,090.97, upon the ground that no action to foreclose said lien was commenced within one year nor an order made continuing it.

Opposition is offered in the form of a single affidavit by one of the attorneys for the lienor, Maher & Son, Inc.   It appears that said corporate lienor's president is one John J. Maher; his son, James J. Maher, is vice-president; and his other son, Francis Maher, is secretary and treasurer.   The affidavit further states: " Deponent is informed that by reason of the advanced age and ill health, Mr. John J. Maher has not for several years been actively engaged in the business." Neither his age nor the nature of his illness is stated, and no sufficient reason is assigned why his affidavit is not furnished.   The affidavit also asserts that " Mr. James J. Maher consulted with deponent on or about " February 11, 1943, and no reason is assigned why his affidavit is not submitted.   He enlisted on June 17, 1942. Francis Maher entered the military service " during the month of January, 1942 ", and the lien was filed January 29, 1942. What their respective stockholdings are and were in the corporation during the period of activity therein is not indicated.

Under all the circumstances, I am constrained to hold that the corporate lienor is not entitled to relief under the Federal or State Soldiers' and Sailors' Civil Relief Acts (U. S. Code, tit. 50, Appendix, § 501 *et seq.*; Military Law, § 300 *et seq.*) and petitioner is entitled to the relief sought in this application, in view of the determination in *Matter of Malafsky* v. *Becker* (255 App. Div. 444, appeal dismissed conditionally, 280 N. Y. 685; notes. 139 A. L. R. 903, 906).

Submit order.