## Scranton Lackawanna Trust Company v. Griffith

*Philip V. Mattes*, for plaintiff.
*Edward T. Jordan*, for defendant.

EAGEN, J., September 26, 1944.—We are here concerned with a petition, pursuant to the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, as amended in 1942, 50 U. S. C. App. §501 et seq., to stay the plaintiff from proceeding with the foreclosure of a bond and mortgage.

The facts are not in dispute. Title to the mortgaged property is in Esther Harris Griffith. While the mortgage is of long standing and only a small percentage of the principal has been paid, the mortgagor has promptly at all times paid the interest and taxes due. The property has been kept in a reasonably good condition.

The mortgagor has for years been dependent upon the support of a son, Carl, who has been in the armed forces of the United States for many months and is presently stationed in the Pacific combat area. Before his entry into the military service he not only supported his mother but assisted in making the mortgage payments. In exchange for his fidelity, the mother agreed, upon the cessation of hostilities, to convey the title to

the property to the son. Due to his army service the son's income has been materially reduced.

An examination of pertinent authorities discloses that the matter is one for the court's sound discretion. The Soldiers' and Sailors' Civil Relief Act was wisely passed to protect the interests of those called into the military service who by reason thereof are unable to keep up the payments on obligations incurred previously. The act has frequently been construed as a proper exercise of the war powers of the Federal Government. The obligations are not wiped out but merely suspended until the service man's ability to meet his obligations is no longer materially impaired. In Twitchell v. H. O. L. C., 122 P. (2d) 210, it was held that an equitable interest of a soldier in realty subject to a mortgage was entitled to protection under the statute.

On October 6, 1942, the original act was amended to extend the benefits thereof to dependents of the person in military service. Said amendment, section 12, 56 Stat. at L. 773, 50 U. S. C. App. §536, provides as follows:

"Dependents of a person in military service shall be entitled to the benefits accorded to persons in military service under the provisions of this article upon application to a court therefor, unless in the opinion of the court the ability of such dependents to comply with the terms of the obligation, contract, lease, or bailment has not been materially impaired by reason of the military service of the person upon whom the applicants are dependent."

In the following cases, under very similar circumstances, relief was granted by the courts to dependents of individuals in military service: Reid v. Margolis et al., 44 N. Y. Supp. (2d) 518; Railroad Federal Savings & Loan Assn. v. Morrison et al., 40 N. Y. Supp. (2d) 319; Nassau Sav. & Loan Assn. v. Ormond et al., 39 N. Y. Supp. (2d) 92.

We feel after a very careful consideration of all the facts presented herein that the relief prayed for should be granted. However, the stay should not be unconditional. The taxes and interest should be paid promptly when due.

Wherefore, September 26, 1944, the rule to show cause why the foreclosure proceedings should not be stayed is made absolute and it is so ordered.