In the Matter of the Application of ROBERT M. PICKARD, Petitioner.

MARTHA E. ROBERTS, Respondent.

Supreme Court, Special Term, Bronx County, January 8, 1946.

*Robert M. Pickard*, petitioner in person.

*Sylvan A. Burg* for Martha E. Roberts, respondent.

SCHREIBER, J. The application is for relief under the Soldiers' and Sailors' Civil Relief Act (U. S. Code, tit. 50, Appendix, § 501 *et seq.*). Petitioner is a veteran, discharged within six months (U. S. Code, tit. 50, Appendix, § 590), and wholly owns all the stock of a domestic corporation which owns a fifteen-family apartment house. The principal of a mortgage thereon

became due December 15, 1945. There are no other defaults or arrears. A stay is sought herein of enforcement of the principal obligation, upon such terms as may be just, for a period equal in time to that spent in military service (Act, § 700; U. S. Code, tit. 50, Appendix, § 590) here in excess of eighteen months. Whether the protection of the act is available to corporations is not free from doubt and in the usual case will be withheld (cf. *Personal Finance Co. of N. Y.* v. *N. Y. U. Garage*, 180 Misc. 309; *Matter of Charkin* [*Maher & Son, Inc.*], 180 Misc. 604). But the act is to be construed liberally to accomplish its purposes (cf. *New York Life Ins. Co.* v. *Litko*, 181 Misc. 32) and the court holds that the benefits of the act should be applied at least where the veteran is and has been the holder of the entire corporate stock (cf. *Twitchell* v. *Home Owners' Loan Corp.*, 59 Ariz. 22; *Hoffman* v. *Charlestown Five Cts. Sav. Bank*, 231 Mass. 324). It is sufficiently made out in these papers that the ability of the veteran to meet the obligation has been materially affected by his military service. The question remains as to the nature and extent of the relief to be granted, under all the circumstances, with due justice to the mortgagee (*Matter of Marks* [*Bowery Sav. Bank*], 181 Misc. 497). The petitioner does not reside in the premises, they are apparently fully rented and present conditions are generally favorable to refinancing or sale. In such case a stay for the full period sought might work an injustice on the mortgagee. It appears too that a condemnation may shortly take place. Under all the circumstances it would seem just if the application be granted to the extent of staying enforcement of the principal obligation of the mortgage until May 1, 1946, upon proper terms and conditions relating to amortization, etc., out of surplus income and the maintenance of other payments. If the parties are unable to agree on these matters the court will receive suggestions on the settlement of the order. Settle order.