ROBERT L. RYDER *vs.* GARDEN ESTATES, INC.

Suffolk.   October 4, 1951. — May 2, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract,* For sale of real estate.   *Taxation,* Real estate tax: foreclosure
of right of redemption.   *Real Property,* Encumbrance.

A title to a parcel of real estate based on a decree of the Land Court fore-
closing the right of redemption from a tax title might be found suffi-
cient within a requirement of a contract of sale and purchase that it
be "good and clear" and "free from all encumbrances" although a
deed of a date many years before appearing in the chain of title recited
that the parcel was "conveyed subject to the conditions [the nature
of which did not appear] set forth in" a designated agreement not re-
corded.

BILL IN EQUITY, filed in the Superior Court with a writ
of summons and attachment dated August 16, 1950.

The suit was heard by *Brogna,* J.

*George Cohen,* (*Angus M. MacNeil* with him,) for the
defendant.

*Leonard Poretsky,* for the plaintiff.

SPALDING, J.   This is a bill for specific performance of a
contract to purchase a parcel of real estate in Lexington.
A final decree was entered ordering the defendant to perform
the agreement by accepting a quitclaim deed of the premises
and paying the balance of the purchase price with interest
from June 26, 1950, and a proportionate share of the taxes
for the year 1950.   The defendant appealed.   The evidence
is reported and the judge made brief findings of fact in
connection with his order for decree but they fall far short
of a report of all the material facts.   The entry of the decree,
however, imports a finding of every fact essential to sustain
it within the scope of the pleadings and supported by the
evidence.   *Warner* v. *Selectmen of Amherst,* 326 Mass. 435,
436.

The plaintiff put in evidence a final decree of the Land

Court dated December 5, 1946, by which "all rights of redemption are forever foreclosed and barred" under a duly recorded deed given by the collector of taxes for the town of Lexington dated June 20, 1941. G. L. (Ter. Ed.) c. 60, § 64; § 69, as amended by St. 1935, c. 224, § 4, and St. 1945, c. 226, § 1; § 69A, inserted by St. 1945, c. 226, § 2. One Proctor, who had been substituted for the town, was the petitioner in the Land Court. It is not disputed that the plaintiff here had a quitclaim deed (the type of deed called for in the agreement) executed by Proctor, his nominee, and was ready to tender it to the defendant on the day for performance. It could have been found that all parties in interest received notice of the foreclosure proceedings and that nothing appears from the date of the decree of the Land Court down to and including the hearing in the court below that would impeach the absolute title resulting from that decree.

Under the agreement the plaintiff or his nominee was obligated to give a deed "conveying a good and clear title to the . . . [premises], free from all encumbrances," with an exception not here material. The defendant's position is that the plaintiff, for reasons presently appearing, was not able to grant such a title. One of the grounds relied on arises from a deed of the property in question dated April 9, 1918, which recited that "The premises are conveyed subject to the conditions set forth in an agreement between the grantor and the grantee being dated March 25, 1918." This agreement was never recorded. The defendant argues that the title offered by the plaintiff is based upon the 1918 deed and that "all subsequent purchasers . . . are bound by said notice of the existence of certain conditions which might impair the value or diminish the use of said premises." This contention is without merit. The petition to foreclose the tax title "was in the nature of a proceeding in rem" (*Bucher* v. *Randolph*, 307 Mass. 391, 393), and a purchaser at a tax sale, subject to a qualification presently to be mentioned, acquires a "new and unrestricted" title to the property "independent of all

incumbrances and paramount to all existing interests."
*Davis* v. *Allen*, 224 Mass. 551, 552. *Crocker-McElwain Co.*
v. *Assessors of Holyoke*, 296 Mass. 338, 345. As mentioned
above, there was evidence that all parties in interest re-
ceived notice of the foreclosure proceedings. We are mindful
that G. L. (Ter. Ed.) c. 60, § 45, as amended by St. 1938,
c. 339, § 1, provides that the premises conveyed under a
collector's deed, "both before and after either redemption
or foreclosure, shall . . . be subject to and have the benefit
of all easements and restrictions lawfully existing in, upon
or over said land or appurtenant thereto, and . . . [with
an exception not here material] all covenants and agree-
ments running with said premises either at law or in equity."
There was nothing to show here what the conditions re-
ferred to in the 1918 deed were; whether they pertained to
the *use* of the land, see *Crocker-McElwain Co.* v. *Assessors
of Holyoke*, 296 Mass. 338, 348–349; or how long they were
to endure. See G. L. (Ter. Ed.) c. 184, § 23. Nor did it
appear that the defendant had actual knowledge of what
the conditions were. See *Hughes* v. *Williams*, 229 Mass.
467, 469–470. *McCarthy* v. *Lane*, 301 Mass. 125, 128–129.
The judge could have concluded that the reference in the
1918 deed to the conditions contained in the unrecorded
agreement of March 25, 1918, at most raised a "mere pos-
sibility" of a defect in the title, and it is settled that such a
possibility will not relieve a purchaser from liability under
his contract. *Conley* v. *Finn*, 171 Mass. 70, 72. *Morse* v.
*Stober*, 233 Mass. 223, 225. *Oliver* v. *Poulos*, 312 Mass.
188, 191–192. A doubt in a title sufficient to relieve a pur-
chaser of his obligation specifically to perform his agreement
"must be reasonable, and such as would cause a prudent man
to pause and hesitate before investing his money." *First
African Methodist Episcopal Society* v. *Brown*, 147 Mass.
296, 298. *Morse* v. *Stober*, 233 Mass. 223, 225–226.

The defendant called a witness who testified that the
premises in question were subject to two undischarged tax
liens in favor of the United States. It argues that if such
liens exist they remain "effective . . . until properly dis-

posed of under United States statutes." We do not pause to determine whether this contention is correct (see U. S. C. [1946 ed.] Title 26, §§ 3670–3679; *United States* v. *Greenville*, 118 Fed. [2d] 963 [C. C. A. 4]), because the trial judge was not required to find that there were any such liens. The only evidence on this issue was oral and the judge did not have to believe it even though it was uncontradicted. *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307.

We have considered the other questions argued by the defendant and find no merit in them. A discussion of them would not be profitable.

The parties have stipulated that if the plaintiff prevails paragraphs 1 and 2 of the final decree are to be modified so as to read as follows: 1. The plaintiff has a good and clear title to the property involved herein standing in the name of his nominee George F. Proctor and is, and has, at all times been ready, willing and able to perform his agreement and deliver a deed as called for under the agreement attached to the plaintiff's bill of complaint. 2. That the defendant forthwith accept a quitclaim deed executed, and acknowledged by George F. Proctor nominee of the plaintiff conveying to the defendant free from all encumbrances except taxes for the current year the following described property.

As so modified the final decree is affirmed. The plaintiff is to have costs of this appeal.

*So ordered.*