## MERTEN v. FERTIG.

(Circuit Court of Appeals, Eighth Circuit. July 3, 1922.)

No. 6009.

1. **Appeal and error ⟨⟩1078(1)—Grounds of motion to dismiss, not urged on appeal in support of decree, held abandoned.**

Grounds of a motion to dismiss, not urged on appeal in support of the decree of dismissal, will be deemed abandoned.

2. **Equity ⟨⟩363—Matters well pleaded admitted by motion to dismiss.**

Matters of fact well pleaded in the complaint were admitted by a motion to dismiss.

3. **Specific performance ⟨⟩30—Consideration not rendered uncertain by vendor's agreement to pay vendee rents collected and moneys due.**

A contract for the sale of real estate, plainly stating that the consideration was $3,500, was not rendered uncertain with respect to the consideration by an agreement therein that the vendor would refund to the vendee all rents collected and moneys due by him to the vendee as orally agreed.

4. **Specific performance ⟨⟩30—Could not be contended that amount of rents to be refunded were not agreed on, where motion to dismiss admitted tender of account and certified check.**

In suit for specific performance of contract for sale of real estate, containing agreement that vendor would refund rents collected to vendee, where it was admitted by motion to dismiss that vendor had tendered account of rents and certified check therefor, it could not be contended that the contract was uncertain because the amount of rents was never agreed upon.

5. **Specific performance ⟨⟩28(2)—Failure to perform cannot make contract uncertain and indefinite.**

A vendor's failure to perform the contract in any material manner would prevent him from asking specific performance, but could not be urged to show that the contract itself was uncertain and indefinite.

6. **Vendor and purchaser ⟨⟩50—Agreement by vendor to refund rents collected and moneys due held to mean merely money due for rent.**

Where contract of sale contained agreement that vendor would refund to vendee all rents collected and moneys due by him to vendee, but letter accompanying contract, when sent vendor for execution, demanded only an account of the rents, and vendor mailed an account of the rents to the vendee, and vendee did not demand an account of any other item, the fair inference was that the word "and moneys" meant simply the moneys due for rent collected.

7. **Specific performance ⟨⟩30—Contract not rendered uncertain and indefinite by statement in accompanying letter.**

Where contract for sale of real estate for $3,500 contained agreement by vendor to refund to the vendee all rents collected, statement in letter accompanying contract, when sent vendor for execution, that the amount would be less than $3,500 on account of the rent, did not render the contract uncertain and indefinite regarding the consideration.

8. **Specific performance ⟨⟩114(1)—Bill not insufficient because of vendee's right to examine papers, tender of which was alleged.**

Where the bill of complaint in suit for specific performance showed that vendor had sent papers and documents to a bank as requested by vendee, it was not insufficient because of vendee's right to examine the papers and see if they were correct; anything wrong with the papers being a matter to be pleaded.

**9. Specific performance** ⚖️➞68—**May be had of contract for sale of real and personal property as a whole.**

Where part of entire contract relates to personal property and the rest to land, specific performance may be had of the contract as a whole including the clause relating to personal property.

**10. Specific performance** ⚖️➞66—**Vendor's remedy at law for damages not adequate and complete.**

A vendor's remedy at law by action for damages for the vendee's failure to comply with his contract would not be adequate and complete, so as to defeat specific performance.

**11. Specific performance** ⚖️➞8—**Discretion to deny should not be exercised, unless specific performance would be inequitable.**

The discretion to deny specific performance possessed by the court is judicial, and not arbitrary or capricious, and should not be exercised, unless reasons appear which would make the specific performance of the contract inequitable.

**12. Equity** ⚖️➞363—**Leave to amend on dismissal only denied when bill wholly without equity, etc.**

As a general rule, leave to amend follows as a matter of course on dismissal on motion, where the bill of complaint discloses merit, or where justice so requires, and it is only where the bill is wholly without equity, or where no amendment could be made which would improve the bill, that amendments are denied.

Appeal from the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Suit by George H. Merten against John C. Fertig. From a decree dismissing the suit, plaintiff appeals. Reversed and remanded, with directions.

George H. Merten, of Omaha, Neb. (Edward F. Leary, of Omaha, Neb., and Burgess, Gill, Sammis & Boylan, of Sioux City, Iowa, on the brief), for appellant.

Deloss C. Shull, of Sioux City, Iowa (Shull, Stilwill, Shull & Wadden, and Sylvester F. Wadden, all of Sioux City, Iowa, on the brief), for appellee.

Before CARLAND and KENYON, Circuit Judges, and JOHNSON, District Judge.

CARLAND, Circuit Judge. This is an appeal from a decree dismissing the suit of appellant to enforce the specific performance of a contract of appellee to pay him $3,500 for certain real estate and the chattels, fixtures, and furnishings used in and belonging to the buildings situated on the same, and known as the Douglas Hotel, Delmont, S. D. The decree also denied to appellant the right to amend his bill of complaint. The reasons for the decree do not appear in the record. The motion of appellee to dismiss contained the following grounds: (1) Complaint shows parties never agreed upon exact amount of consideration. (2) Complaint asks for specific performance of a contract relating to personal property. (3) Complaint shows appellant has an adequate remedy at law. (4) Complaint fails to show any valid tender. (5) Complaint does not disclose that the minds of the appellant and appellee ever met resulting in a completed contract. (6)

Complaint does not show that contract was ever delivered to the appellant. (7) Complaint fails to state facts sufficient to constitute a cause of action for equitable relief.

[1] Counsel for appellee do not argue in their brief any matters to sustain the decree of the trial court, except (1) that the complaint shows upon its face that there never was a completed contract entered into between appellant and appellee; (2) assuming that the complaint sets forth a contract, said contract is so incomplete, indefinite, uncertain, and unfair that a court of equity could not make a decree of specific performance based upon it; (3) that whether specific performance of the contract should be made was a question addressed to the sound discretion of the trial court, and its ruling will not be disturbed by this court, except where there has been an abuse of such discretion. In regard to the court's refusal to grant to appellant the right to amend, counsel also urge that this question was addressed to the sound discretion of the trial court, and that its ruling will not be disturbed by this court, except in the case of a clear abuse of such discretion. The failure of counsel to urge any other grounds in support of the decree below than those mentioned in the brief will be deemed an abandonment of the other grounds mentioned in the motion to dismiss, and they will not be discussed, except as hereafter mentioned in this opinion.

Omitting matters not material to the questions raised, and the acknowledgments attached to the complaint and exhibits, the complaint contained the following allegations:

"That on the 22d day of May, 1920, for a valuable consideration, plaintiff and defendant entered into a contract, a true copy of which is hereto attached, marked Exhibit A, and made a part hereof, by which plaintiff, being the owner of said property, agreed to transfer to defendant lots one (1) and two (2), block seven (7), town of Delmont, South Dakota, and also the chattels, fixtures, and furnishings in the building on said lots, known as the Douglas Hotel, for which defendant agreed to pay plaintiff the sum of thirty-five hundred dollars ($3,500.00). At the time defendant signed Exhibit A he instructed his attorneys and agents, Sampson & Sampson, of Odebolt, Iowa, to impose certain conditions on plaintiff as to the execution of the contract, Exhibit A, and said Sampson & Sampson, pursuant to said instructions and acting as aforesaid for defendant, wrote and mailed to plaintiff a letter, dated May 22, 1920, a true copy of which is hereto attached, marked Exhibit B, and made a part hereof. Plaintiff assented to the terms of Exhibit B, and has fully complied with the terms of Exhibit A and Exhibit B.

"On the 28th day of May, 1920, plaintiff mailed to First National Bank of Odebolt, Iowa, the following instruments: Warranty deed from George H. Merten and wife to John C. Fertig, conveying lots one (1) and two (2) in block seven (7) in the town (now city) of Belmont, Douglas county, South Dakota. Lease between Charles Harsch and Joe Neumayr, on part of said premises, with assignment thereof to John C. Fertig. Lease between George H. Merten and Ralph Banner on part of said premises, with assignment thereof to John C. Fertig. Bill of sale from George H. Merten to John C. Fertig of chattels, fixtures, and furnishings used in and belonging to the Douglas Hotel, situated on lots one (1) and two (2) in block seven (7), Delmont, South Dakota. Bill of sale for said chattels from Henry W. Fertig to George H. Merten. An account of rents due from George H. Merten to John C. Fertig, with certified check for same.

"On May 25, 1920, plaintiff mailed to Sampson & Sampson, attorneys and agents of defendant, a properly verified, brought down to date, abstract of said real estate. Plaintiff has tendered to defendant good and sufficient

deeds, bills of sale, assignments, etc., as called for in Exhibits A and B, and plaintiff has at all times been ready, able, and willing to carry out the terms of Exhibits A and B; but defendant in the month of June, 1920, repudiated said contract and has refused to carry out the terms thereof. Plaintiff is now ready, able, and willing to comply with said contract."

### Exhibit A—Contract.

"Contract and agreement made this 22d day of May, 1920, by and between George H. Merten, Omaha, Neb., and J. C. Fertig, Odebolt, Iowa, witnesseth: That for and in consideration of the sum of $3,500.00, and other valuable considerations, I, George H. Merten, of the county of Douglas and state of Nebraska, do hereby agree to transfer to J. C. Fertig, of Odebolt, Iowa, all my right, title, and interest in and to lots 1 and 2 in block 7, town of Belmont, S. D. I also agree to make and deliver to J. S. Fertig a good and sufficient bill of sale conveying all of the chattels, fixtures, and furnishings, used, and belonging in and belonging to, and belonging to the buildings, now situated on said lots, which is known as the Douglas Hotel.

"I, George H. Merten, also agree to refund to the said J. C. Fertig all rents collected and moneys now due by me to Henry W. Fertig, as orally agreed upon.

"It is understood and agreed that there are no other liens or incumbrances, against said property, except as shown by an abstract thereto, dated about April 16, 1920, and that no other liens shall exist thereon up to the date of the final settlement between Merten and Fertig.

"Dated and signed at Odebolt, Iowa, May 22, 1920.

"George H. Merten.
"J. C. Fertig."

### Exhibit B.

"Office of William Sampson, Paul Sampson.

"May 22, 1920.

"Mr. George H. Merten, 220–222 Keeling Bldg., Omaha, Nebr.—Dear Sir: John and Henry Fertig came into the office to-day and agreed between themselves on certain matters and things that are immaterial to us and this correspondence. However, if you will sign one of the copies of the inclosed contract, make a bill of sale, as agreed therein, make a good and sufficient warranty deed, signed by yourself and wife, inclose an account therewith of what rents are due from you to Mr. Fertig, make a simple assignment of the leases, allowing Mr. J. C. Fertig to collect the rent, return to our office the abstract we mailed back to you, deposit all of these papers properly signed up in the First National Bank, Odebolt, Iowa, and give us time on such deposit to mail the abstract up to the county seat, Armour, South Dakota, to have the abstract brought down to date properly verified, then when we find all this matter complete and correct, according to the contract and substance of this letter, Mr. J. C. Fertig will mail you the $3,500.00. This, of course, will be less than that amount, on account of the rent you owe him. We think that this will simplify the transaction.

"Very truly, Sampson & Sampson, by [Signed] J. C. Fertig."

[2-7] Matters of fact well pleaded in the complaint were admitted by the motion to dismiss. We are of the opinion that the contention that there was no contract between the parties, for the reason that the exact amount of the consideration for the sale of the property did not appear therein, is untenable. The written instrument signed by both parties stated in plain terms that the consideration for the transfer of the real estate and personal property from appellant to appellee was $3,500. It nowhere appears that the consideration was to be any more or less. It is true that appellant agreed to refund to appellee all rents collected and moneys due from appellant to Henry W. Fertig, but the fact that the amount of the refund was not stat-

ed cannot be used to render uncertain the amount of the consideration to be paid by appellee to appellant, any more than would an agreement on the part of appellant to pay all taxes due upon the land to be conveyed, without mentioning the amount of the taxes. The alleged contract does not say anywhere that the money to be paid by appellant shall be applied as part payment of the $3,500 agreed upon as the consideration for the conveyance of the property.

It is also true that appellant could not enforce the contract without making the payment of the money due appellee; but appellant pleads in subdivision 6 of paragraph 3 of the complaint that he mailed to the First National Bank of Odebolt, Iowa, an account of rents due from appellant to appellee, with certified check for same, and appellee by his motion to dismiss admits this to be true. This action on the part of appellant was in strict accord with appellee's request, as shown by Exhibit B, except that appellant did more than he was requested, in that he sent a certified check for the amount of the rents. The motion to dismiss having admitted that appellant sent this account of rents, and also a certified check for the same, so far as the present record is concerned, appellee cannot contend that the amount of the rents was never agreed upon. In this connection, it may be said that we must not confuse acts that were alleged to have been done in the performance of the contract with the terms of the contract itself. A failure of appellant to perform the contract in any material manner, of course, would prevent him from asking a specific performance thereof; but the fact that he may not have performed some provisions of the contract cannot be urged to show that the contract itself was uncertain and indefinite.

Some point is made by counsel for appellee in relation to the words "and moneys" found in the second paragraph of Exhibit A; it being urged apparently that there were other moneys than rents which were to be refunded by the appellant to appellee. Turning, however, to Exhibit B, we find that appellee demanded of appellant an account of the rents due from appellant to appellee, and appellant in paragraph 3 of the complaint, as before stated, alleged that he mailed an account of rents due from him to appellee. As appellee did not demand an account of any other item except rents, we think it is a fair inference that the words "and moneys," in what is called the contract, simply meant the moneys due for rent collected. There is a statement in Exhibit B made by appellee that the amount he would mail appellant would be less than the $3,500 on account of the rent, but that would have no effect for the purpose of showing that the contract was uncertain and indefinite in regard to the consideration.

[3] From what has been said, we are of the opinion that there was nothing indefinite about the consideration of the alleged contract. The agreement on the part of appellant to pay the amount of rents collected to appellee was no different than the agreement as has been before stated to pay all taxes or liens upon the property. A failure to pay the taxes or the liens, of course, would bar appellant's right to specific performance; but the fact that the amount of the taxes or liens was not stated would not render the contract uncertain and

indefinite. So far as the sufficiency of the tender of the instruments demanded by the appellee is concerned, the complaint shows on its face that appellant did just what appellee asked him to do.

It is urged that appellee or his counsel, Sampson & Sampson, would have a right to look over the papers and documents sent to the First National Bank of Odebolt, Iowa, and determine whether they were satisfactory or not. Of course they had that right, but they are not here alleging that anything was unsatisfactory, but simply appear and say that appellant has not stated a cause of action in his complaint. Upon a record which shows that appellant did just what appellee asked him to do, it cannot be urged by the latter that he had a right to look over the papers and see if they were correct, and therefore the minds of the parties never met upon the terms of the contract. If appellee found anything wrong with the papers he should plead it.

Counsel for appellee refers to the fact that the bill of complaint contains a prayer for the specific performance of the contract and for an accounting of the rents due from appellant to appellee, and therefore the appellant by his pleading shows that there must be a finding by the court of the amount due for rents. Whether such action by the court shall be necessary, of course, depends upon what appellee pleads in defense on the merits; if he denies the amount claimed by appellant to be correct, it may be necessary for the court to find the exact amount, but that would not render the contract uncertain, and would be clearly within the jurisdiction of the court. With the law as stated by the authorities which counsel for appellee cite we fully agree, but we are unable to reach the conclusion that the complaint does not show a valid contract between the parties, or that it is indefinite and uncertain, so as to prevent specific performance thereof.

[9] With reference to some of the points mentioned in the motion to dismiss, we may say that the law seems to be well settled that, where a part of an entire contract relates to personal property, and the rest to a subject-matter, such as land, specific performance may be had of the contract as a whole, including the clause relating to personal property. 36 Cyc. 554, and cases cited.

[10] Appellant's remedy at law would not be adequate and complete. In an action at law the appellant would be limited to damages arising from the breach of the contract. Those damages as a rule would be the difference between the market value of the land and the contract price, where, as in this case, the vendee has refused to take the property, and it might happen that the proof would show that the appellant had not been damaged at all. Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 Am. St. Rep. 438. In this connection we quote the following language of Chief Justice Marshall in the case of Cathcart v. Robinson, 5 Pet. 278, 8 L. Ed. 120:

"It has been urged by his counsel that, if the penalty only can be decreed, this bill ought to be dismissed, because the penalty might have been recovered at law. We do not think so. The right of a vendor to come in to a court of equity to enforce a specific performance is unquestionable; such subjects are within the settled and common jurisdiction of the court. It is equally well settled that, if the jurisdiction attaches, the court will go on to do complete justice, although, in its progress, it may decree on a matter which was

cognizable at law. Robinson could not have sued for the penalty at law, without abandoning his right to enforce the contract of sale. He could not be required or expected to do this. Consequently he came properly into a court of equity, and the court ought to do him justice."

[11, 12] Upon the point urged by counsel, that the ruling of the court below was an exercise of discretion with which this court will not interfere, we may say, as has often been said, that this discretion is judicial, and not arbitrary or capricious. In order that the discretion may be exercised, it must appear that there are reasons which would make the specific performance of the contract inequitable. No such reasons appear in the present record, and therefore specific performance is a matter of right. We are of the opinion that there was a valid contract between the parties, that it was not so uncertain and indefinite as would entitle a court of equity to refuse to enforce it, and that its enforcement would not be unfair or inequitable. The ruling of the court as to the right of appellant to amend need not be considered, but, as the case has to go back for trial, we may say that the great weight of authority is in favor of the rule that leave to amend follows as a matter of course, where the bill of complaint discloses merit or where justice so requires. It is only in cases where the bill is wholly without equity, or where no amendment could be made which would improve the bill, that amendments are denied. Corpus Juris, vol. 21, § 497; section 954, R. S. U. S. (Comp. St. § 1591).

Decree below reversed, with costs, and the case remanded, with directions to the trial court to overrule the motion to dismiss and allow the appellee to answer the bill of complaint, if he shall be so advised.