UNITED SUGAR COMPANY *vs.* GUARANTY TRUST COMPANY.

Suffolk.    November 11, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* Construction.    *Words,* "Right, title and interest."

If a purchaser pays money as instalments of the purchase price named in a contract of sale by which the seller agrees "to sell and the buyer to buy all the right, title and interest which the seller may have in and to certain property formerly belonging to" a certain corporation, "and which said right, title and interest was obtained by foreclosure proceedings under the provisions of" a certain instrument, the said property in which the seller has or may have an interest being listed in a schedule "neither inclusive nor exclusive, but . . . intended to list all property in which the sellers probably have some right, title and interest," the purchaser, in the absence of fraud inducing the sale, cannot recover the amount of such payments from the seller when it later appears that the seller had no title at the time of the sale.

In the instrument above described, the words, "all the right, title and interest," embraced only what the defendant could lawfully claim under the foreclosure, and do not import even an implied warranty of ownership in the property as described in the contract.

CONTRACT, seeking a return of $5,000 paid by the plaintiff to the defendant under the provisions of the contract of sale described in the opinion.    Writ dated January 27, 1925.

The defendant demurred to the declaration.    The demurrer was heard by *Morton,* J., and was sustained.    The plaintiff appealed.

*H. Finn,* (*W. S. Thompson* with him,) for the plaintiff.

*J. A. Daly,* for the defendant.

BRALEY, J.    This is an action of contract for money had and received.    A demurrer to the amended declaration having been sustained, the tenth ground of which was waived at the argument, the case is here on the plaintiff's appeal. The bill of particulars, with the exhibits, shows that the parties entered into a contract in writing for the purchase and sale of all the defendant's right, title and interest in certain real and personal property in Cuba, which the defendant, a Massachusetts corporation, had obtained through

foreclosure proceedings. The purchase price was $154,000, payable by instalments, of which the plaintiff paid $5,000, when, as alleged, it discovered that the defendant had no title, and thereupon this action was brought to recover the amount.

It is contended that, having the right to rescind, the consideration has failed, and the defendant holds the money subject to the equitable rights of the plaintiff to have it returned. *Cole* v. *Bates,* 186 Mass. 584. The plaintiff's rights, however, are to be determined by the contract, the execution of which is admitted. After recitals that the defendant was the succeeding trustee under a mortgage indenture or deed of trust between the Coloradas Sugar Company and the Fidelity Trust Company also domiciled in this Commonwealth, it expressly states: "That the seller agrees to sell and the buyer to buy all the right, title and interest which the seller may have in and to certain property formerly belonging to said Coloradas Sugar Company, and which said right, title and interest was obtained by foreclosure proceedings under the provisions of said indenture . . . and a certain mortgage of property in Cuba therein referred to, and also in and to all property taken possession of by said trustee under the provisions of said indenture, wheresoever the same may be situated or found; the said property in which the sellers have or may have an interest is listed in the schedule hereto annexed, but it is understood and agreed that the said schedule is neither inclusive nor exclusive, but is intended to list all property in which the sellers probably have some right, title and interest." The schedule contains an itemized list of the property, and no ambiguity as to what the parties dealt with is shown. It is not alleged that the plaintiff relied on any prior fraudulent representations of the defendant by which it was induced to execute the contract, and no right of rescission on this ground appears. *O'Meara* v. *Smyth,* 243 Mass. 188, 190.

The contract never having been modified, the plaintiff bought whatever the defendant might have to sell. It accepted the chance that there might not be any enforceable title; or even the right of possession. While the agreement

to purchase, if read in the light of subsequent developments shown by the bill of particulars, that made the foreclosure invalid, may have been improvident, the words, "all the right, title and interest," embraced only what the defendant could lawfully claim under the foreclosure, and do not import even an implied warranty of ownership in the property as described in the contract. *Blanchard* v. *Brooks*, 12 Pick. 47, 65, 66, 67. *Baker* v. *Davie*, 211 Mass. 429, 439. *Hanrick* v. *Patrick*, 119 U. S. 156.

The order sustaining the demurrer is

*Affirmed.*