MORRIS SPECTOR *vs.* LOUIS TRASTER.

Suffolk.     January 28, 1930. — March 5, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Res Judicata.  Equity Jurisdiction*, Specific performance.  *Contract*, Performance and breach.

At the hearing of a suit in equity for specific performance of a contract by the defendant to purchase certain real estate from the plaintiff, it appeared that the defendant had refused to perform on the day fixed by the contract, contending that a deed of third parties, tendered by the plaintiff, purported to convey a title "subject to all restrictions and encumbrances of record now in force and applicable," that the property was subject to a restriction of record, and that therefore the deed did not satisfy the requirements of the contract; but he then made no objection to the form of the deed. It further appeared that thereafter the defendant had brought an action of contract in a municipal court against the plaintiff for the amount of a deposit he had made when the contract was signed, at the trial of which the only issue was the validity of the restriction, and wherein there was

a finding and judgment in favor of the plaintiff in this suit. A decree was entered ordering the defendant specifically to perform the contract. *Held,* that the municipal court judgment was *res judicata* as to the issues in this suit in equity and precluded the defendant from trying again the issue as to the validity of the restriction, or from setting up as a defence the fact that the deed tendered by the plaintiff was the deed of third parties.

The judge who heard the suit above described also found: "No good reason is shown, however, why the defendant should not be ordered to perform specifically his agreement," and a decree accordingly was entered. *Held,* that the decree ordering specific performance was a proper exercise of judicial discretion.

BILL IN EQUITY, filed in the Superior Court on March 6, 1929, and described in the opinion.

In the Superior Court, the suit was heard by *Cox,* J., who, after finding the facts stated in the opinion, also found: "No good reason is shown, however, why the defendant should not be ordered to perform specifically his agreement." A decree accordingly was entered ordering specific performance. The defendant appealed.

The case was submitted on briefs.

*S. L. Bailen & M. Greenman,* for the defendant.

*J. C. Johnston,* for the plaintiff.

CARROLL, J. According to the findings of fact in this suit for the specific performance of a contract to convey real estate, the plaintiff and defendant agreed in writing that the defendant was to purchase a tract of land in Dorchester shown as lot nine on a recorded plan. The agreement recited "It is understood and agreed that there is a common driveway in the rear of said premises." In 1903, one Davidson acquired title to lots nine and ten on the recorded plan subject to restrictions which are no longer in force. In 1904 Davidson conveyed to Francis M. Wilson, husband of Bertha M. Wilson, lot ten and other lots on the plan. At the death of Francis M. Wilson and prior to June 5, 1906, the title to lot ten vested in Bertha M. Wilson. By an instrument dated June 5, 1906, and duly recorded, Davidson, who was then the owner of lot nine, agreed with Bertha M. Wilson "when I convey the lot numbered nine (9) on said plan, I will convey the same subject to" the restriction that no dwelling house shall be erected

on said lot nine unless the same is built "so that the parlor and best rooms shall face or front on said Lot ten (10)." By deed of June 5, 1906, Davidson conveyed to Mrs. Wilson a strip of land five feet wide and one hundred feet long abutting on lot ten for its entire length, covenanting that no building erected on the remainder of lot nine should be within five feet of "the new dividing line and providing 'said strip is conveyed subject to restrictions of record so far as the same are now in force and applicable.'" By deed of April 23, 1907, Davidson conveyed to Mrs. Wilson the remainder of lot nine, subject to restrictions of record "so far as now in force and applicable 'and also subject to restrictions contained in an agreement dated June 5, 1906,' " this restriction being the one that no dwelling house should be erected on lot nine unless the best rooms fronted on lot ten. On April 23, 1907, Mrs. Wilson was the owner in fee of lots nine and ten. By deed of May 16, 1927, she conveyed lot nine to one Cundari, subject to restrictions of record "as now in force and enforceable and zoning regulations." Cundari also in 1927 became the owner of lot ten, and he then established a passageway ten feet wide between lots nine and ten, five feet of which were included in lot nine. By mesne conveyances Jacob Annis and Harry A. Aronson acquired title to lot nine subject to restrictions of record "so far as the same are in force and applicable." Annis and Aronson had title to lot nine when the agreement of purchase and sale was made by the plaintiff and defendant.

On the day title was to be transferred the parties met. The plaintiff tendered to the defendant a deed from Annis and Aronson to the defendant "subject to all restrictions and encumbrances of record now in force and applicable," and also tendered a discharge of the second mortgage; the first mortgage of $10,000 was to remain. The defendant stated he was ready to complete the transaction but there was a restriction respecting the facing of any house on the lot and that the plaintiff could not comply "with his part of the agreement." The plaintiff insisted that the restriction was no longer in force. The defendant made no ob-

jection to the form of the deed or that the plaintiff was not complying with the agreement except in so far as the restriction impaired the title. He refused to go on with the contract and brought an action in the Municipal Court to recover a deposit of $100 which he had paid to the plaintiff when the agreement of purchase and sale was executed. At the trial of the present action, it was agreed that the only question before the Municipal Court was the validity of the restriction. The judge of the Municipal Court found that the restriction was of no force or effect because of the merger of title in Mrs. Wilson when she became the owner of lots nine and ten, and found for the defendant (the plaintiff in this suit). There was no appeal from this finding and the judgment is still outstanding. The judge of the Superior Court before whom the suit in equity was heard found for the plaintiff. A decree was entered ordering the specific performance of the contract. The defendant appealed. No evidence is reported.

The invalidity of the restriction was settled by the decision in the former action brought in the Municipal Court to recover the deposit. It was found that the restriction claimed did not exist because of the merger of title to lots nine and ten when Mrs. Wilson became the owner in fee of both lots. This question is *res judicata.* The defendant is bound by that decision. The case was tried on its merits, and the same question now presented was in fact heard and determined. The validity of this restriction, the judge of the Superior Court found, was the only subject of controversy between the parties when they met to execute the agreement of purchase and sale. As it was decided that the restriction was of no validity, the defendant cannot again in another proceeding brought by the plaintiff litigate the same question. "The parties are concluded by the judgment, not only upon all the issues which were actually tried, but upon all issues which might have been tried in the former action." *Foye* v. *Patch,* 132 Mass. 105, 110. *Harlow* v. *Bartlett,* 170 Mass. 584. *Clare* v. *New York & New England Railroad,* 172 Mass. 211. *Lesberg* v. *Lesberg,* 260 Mass. 216.

The defendant contends that the deed tendered was not

the deed of the plaintiff but was the deed of Annis and Aronson, the owners of the property. When tender was made of the deed no objection was made to it on this ground. It is not now open to the defendant to raise this question; he could have raised it at the former trial. The former decision is *res judicata* between the parties on all questions which might have been tried at the former trial. *Foye* v. *Patch, supra.*

We do not deem it necessary to decide whether a tender of the deed of Annis and Aronson was a good tender under the agreement, especially when no objection was made to it, and the defendant's refusal was not based on this ground because this question could have been tried in the former action, and the defendant relied on the restriction as the sole reason for refusing to fulfil his agreement. Apart from the issue of *res judicata*, the restriction was no longer in force, the title to lots nine and ten having merged in Mrs. Wilson. *Ritger* v. *Parker*, 8 Cush. 145.

Specific performance of a contract is not a matter of right, it rests in the sound discretion of the judge, but we see no valid objection to the decree directing the plaintiff on payment of the sum due to deliver to the defendant a good and sufficient deed conveying a good and clear title. There are no facts found, nor is there any evidence showing that the defendant will suffer unusual hardship or that the result will be oppressive. *Nickerson* v. *Bridges*, 216 Mass. 416. *Forman* v. *Gadouas*, 247 Mass. 207. It does not appear that the validity of the title was so doubtful that the defendant should be allowed to refuse to accept the conveyance.

*Decree affirmed with costs.*