Stanislas Labelle *vs.* Joseph Lafleche, Second, & another.

Worcester.    September 26, 1934. — January 7, 1935.

Present: Rugg, C.J., Crosby, Pierce, Field, & Lummus, JJ.

*Contract*, Construction, For the sale of real estate, Performance and breach. *Equity Jurisdiction*, Retention of suit for assessment of damages, Laches. *Damages*, For breach of contract.

In a suit in equity, at first against a single defendant, founded upon a contract in writing by that defendant to convey "a certain estate situated at 3 Morris Street . . . Being the same premises which were sold to" that defendant by one who was added as a defendant and against whom the first defendant set up a counterclaim, it appeared that the contract contained reference to buildings on the premises, and that the second defendant, by a contract which did not refer to buildings on the premises, had agreed to convey the "property . . . at No. 3 Morris Street," to the first defendant. A master found that "the parties, at the times when the agreements were executed, in using the term 'No. 3 Morris Street' believed and intended that the deeds to be given . . . would convey a good title to the land on which the buildings had been erected. . . . the subject matter of the respective agreements as discussed and pointed out by the several parties included the entire building at No. 3 Morris Street." The buildings encroached upon land not owned by the second defendant, and he had not conveyed any land to the first defendant. *Held*, that in the circumstances the word "property" in the agreement between the defendants included the land under the buildings, which, therefore, the first defendant had agreed to convey to the plaintiff.

The prayer of the bill in the suit in equity above described was that the first defendant be ordered to convey the property, "or, in the alternative, to refund to the plaintiff all sums paid by him to" that defendant. In their answers, both defendants set up laches as a defence and the second defendant also set up that the plaintiff had an adequate remedy at law. It appeared that the suit was brought in good faith, that both defendants asserted their willingness to perform and

during the hearings sought to perform their agreements by giving warranty deeds, but that their proposed deeds would have conveyed no marketable title to the whole lot which each had agreed to convey; that the agreements were made in 1923; that the plaintiff took possession of the premises, expecting the title to the premises to be cleared; that in 1926 the existence of the encroachment was determined by engineers; that thereafter neither defendant did anything to clear the title; and that late in 1931 the plaintiff, who already had paid most of the purchase price to the first defendant, tendered the balance and demanded a deed. The suit was brought in 1932. A decree was entered directing the first defendant to pay damages to the plaintiff, and the second defendant to pay damages to the first defendant. *Held,* that

(1) The contention that the legal remedy was adequate, raised seasonably by the second defendant alone, did not prevent the award of damages;

(2) No laches was shown.

In the suit in equity above described, the plaintiff should have been allowed, in addition to other damages, a sum to which the master found him to be entitled as the "fair value of his services in collecting rents, caring for the property and making minor repairs, being 5% of rents collected."

BILL IN EQUITY, filed in the Superior Court on September 14, 1932, against Joseph Lafleche, Second.

The bill was founded upon an agreement in writing between the plaintiff and Lafleche dated November 22, 1923, in which Lafleche agreed to convey to the plaintiff "a certain estate situated at 3 Morris Street, Southbridge, Massachusetts and bounded and described as follows: Being the same premises which were sold to Joseph Lafleche, 2nd by Irene R. Beauregard, and which premises are still in Irene R. Beauregard. The insurance policies on said buildings are to be given to Stanislas Labelle free of charge." Said agreement throughout referred to buildings on the premises. The prayer of the bill was that "the defendant be ordered to convey the said premises to the plaintiff, or, in the alternative, to refund to the plaintiff all sums paid by him to the defendant, the plaintiff offering to put the defendant *in statu quo.*"

The agreement between Beauregard and Lafleche dated July 31, 1923, provided in substance that Lafleche should convey to Beauregard premises at 92 Hamilton Street in Southbridge and that Beauregard should pay therefor in

part "by the transfer of the property belonging to Irene R. Beauregard at No. 3 Morris Street, Southbridge, Massachusetts." This agreement contained no reference to buildings on the Morris Street property.

Lafleche pleaded laches in his answer. Upon motion by him, Beauregard was summoned and appeared as a defendant.

The suit was referred to a master, who filed a report and, on recommittal, a supplemental report. In the first report he allowed the plaintiff, as an amount to which he was entitled if entitled "to recover a sum of money," $7,563.15, which included an item, "Fair value of his services in collecting rents, caring for the property and making minor repairs, being 5% of rents collected, $611.92."

In his supplemental report, he found: "If the fact is material and competent, I find that the parties, at the times when the agreements were executed, in using the term 'No. 3 Morris Street' believed and intended that the deeds to be given in accordance with the terms of the agreements would convey a good title to the land on which the buildings had been erected.

"If the fact is material and competent, I find that the subject matter of the respective agreements as discussed and pointed out by the several parties included the entire building at No. 3 Morris Street."

Other material facts found by the master are described in the opinion.

By order of *Williams*, J., there were entered an interlocutory decree confirming the master's reports except for the item of $611.92 above described, which he disallowed; and a final decree directing Lafleche to pay the plaintiff $6,939.72 and interest, and Beauregard to pay Lafleche $11,221.13. All parties appealed from both decrees.

*W. W. Buckley*, for the defendant Beauregard.

*S. A. Seder*, (*R. H. Favreau* with him,) for the defendant Lafleche.

*F. P. McKeon*, for the plaintiff, submitted a brief.

LUMMUS, J. On July 31, 1923, a written agreement was made under which the defendant Lafleche conveyed real

estate, subject to a mortgage, to a man named Irene R. Beauregard, and in consideration therefor Beauregard was to pay $5,400 in cash and convey to Lafleche real estate on Morris Street in Southbridge. · Difficulty arose as to the bounds of the Morris Street property, and the parties were advised to register the land in the Land Court, which Beauregard undertook to do.

On November 22, 1923, before any petition to register title was filed, Lafleche agreed in writing to convey the Morris Street real estate to the plaintiff, subject to a mortgage for $3,200, which was not mentioned in the earlier agreement, for $7,500 in cash, of which $1,000 was paid as a deposit. The plaintiff took possession, expecting the title to be cleared, and apparently still holds possession. The matter dragged along until 1926, when engineers determined that the buildings maintained by Beauregard upon the land encroached to a considerable extent upon the land of a neighbor. Nothing was done by Beauregard or Lafleche to clear the title. On November 10, 1931, the plaintiff, having paid the entire consideration except $1,000, wrote to Lafleche that he was ready to pay the balance, and demanded his deed. Both Beauregard and Lafleche are unable to convey the "good and clear title" required by their several agreements, if their agreements required conveyance of the buildings and the land under them. *Rubenstein* v. *Hershorn*, 259 Mass. 288, 294. *Queenin* v. *Blank*, 268 Mass. 432.

On September 14, 1932, the plaintiff sued Lafleche for specific performance. Lafleche by counterclaim brought Beauregard in as a party. Rule 32 of the Superior Court (1932). Beauregard answered, in substance, that he has always been ready to convey the real estate to Lafleche in accordance with his written agreement, but "no time nor place was mentioned in said written agreement . . . for the transfer of the title . . . and said agreement is void as against your defendant," Beauregard. Beauregard set up also the adequacy of the remedy at law, and laches.

Both defendants, Lafleche and Beauregard, brought in objections to the master's reports. Their exceptions to the

master's reports, resulting from the objections, were over-ruled, and the reports were confirmed, subject to their appeals. A final decree was entered, requiring Beauregard to pay damages to Lafleche, and Lafleche to pay damages to the plaintiff. Both Beauregard and Lafleche appealed.

Beauregard agreed to pay for the land conveyed to him by Lafleche, in part by "the transfer [to Lafleche] of the property belonging to Irene R. Beauregard at No. 3 Morris Street, Southbridge, Massachusetts." In *Harvey* v. *Sandwich*, 256 Mass. 379, 384, it is said, "The grant of a 'house,' 'barn,' or 'mill,' or 'cottage,' or 'wharf,' is a familiar instance of the use of such terms, and the conveyance in such a form passes by implication and comprehends the land under the structure and the land adjacent thereto so far as necessary to its use and commonly used with it." See also *Mead* v. *Parker*, 115 Mass. 413; *Snider* v. *Deban*, 249 Mass. 59, 61; *Hirsch* v. *Fisher*, 278 Mass. 492, 495; *Sullivan* v. *Donohoe*, 287 Mass. 265, 267. In determining what land is included, the fact that the grantor does not own a certain strip has been given force as indicating that it was not to be conveyed. *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465. "The words of description in a deed are intended to refer to an estate owned by the grantor, and this is also the presumption in construing a contract for a future conveyance." *Danforth* v. *Chandler*, 237 Mass. 518, 521. In the present case the word used was "property" and not "house" or "buildings." But the master finds that the word "property" was intended to include the buildings. The words, "belonging to" Beauregard, were descriptive of the property at No. 3 Morris Street, and did not amount to an acceptance by Lafleche of whatever interest Beauregard might happen to have in that property. *Tobin* v. *Larkin*, 183 Mass. 389, 391. It is not to be supposed that the "property" on which there were "buildings" was restricted to the boundaries of Beauregard's ownership, where the buildings extended beyond. The circumstances showed that the description included at least all the land covered by the buildings. *Rubenstein*

v. *Hershorn,* 259 Mass. 288, 294. Many of the same considerations, applicable as well to the contract between Lafleche and the plaintiff, show that the description in that contract also included at least all the land covered by the buildings.

The plaintiff brought the bill in apparent good faith, in the hope of obtaining specific performance. Both defendants asserted their willingness to perform, and sought during the hearings to perform their agreements by giving warranty deeds; but the master found that their proposed deeds would have conveyed no marketable title to the whole lot which they had agreed to convey. Under these circumstances the point of the adequacy of the legal remedy, raised seasonably by the defendant Beauregard alone, did not prevent the award of damages. *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 125, 126. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 486. No laches is shown. The defendants do not complain of the computation of damages. Although the plaintiff moved to confirm the master's reports, and brought in no objections, he appealed from the decree confirming the master's reports, apparently because an item of $611.92 for managing the property, allowed him by the master, was excepted when the rest of the reports was confirmed. The plaintiff also appealed from the final decree, apparently for the same reason. This item was allowed the plaintiff as a deduction from rents collected by him and credited to the defendant Lafleche in what was substantially rescission, and amounted to five per cent of the rents collected. We think that this item should have been allowed, in order to make the plaintiff whole. See *Davidson* v. *Zieman,* 283 Mass. 492, 495.

·The interlocutory decree is modified by the allowance to the plaintiff of the item of $611.92, and as modified is affirmed. The final decree is modified likewise by the addition of that sum to the amount payable to the plaintiff, and as modified is affirmed, with costs against each defendant in·favor of the party to whom such defendant is ordered.to

make payment.  *Carchidi* v. *Kalayjian,* 264 Mass. 230, 231. *St. Michael's Ukrainian Greek Catholic Church of Woonsocket* v. *St. Michael's Ukrainian Orthodox Church of Woonsocket,* 288 Mass. 258, 262.

                                              *Ordered accordingly.*