JAMES VINCENT FARRELL & another *vs.* ALBINA W. FARRELL
· & others.

Suffolk.    December 13, 1937. — January 4, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Equity Jurisdiction,* Retention of suit for assessment of damages. *Con-
tract,* Performance and breach, For sale of real estate.

The fact, that the plaintiff in a suit in equity was prevented from having
a decree for specific performance of a contract in writing for purchase
by the defendant of the plaintiff's interest in land owned in common

by the parties because the defendant made performance impossible by prosecuting partition proceedings to a sale, was sufficient reason for the exercise of discretion by the court in retaining the suit for assessment of damages for breach of the contract.

BILL IN EQUITY, by amendment from an action at law begun by writ in the Superior Court dated August 6, 1935.

The defendants appealed from a final decree entered after a hearing by *Burns*, J.

*H. Bergson*, for the defendants.

*F. H. Farrell*, for the plaintiffs, submitted a brief.

Cox, J. This is a bill in equity seeking the specific performance of a written agreement for the purchase and sale of a parcel of real estate. The trial judge made certain findings and rulings. Statements of counsel were received in lieu of evidence. These statements must be examined and the case decided according to the judgment of this court as to the facts, giving due weight to the findings of the judge; but his decision will not be overturned unless plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159, 162. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215. The parties, all of one family, admittedly entered into the written contract on May 29, 1935, by the terms of which the plaintiffs, who were brothers, agreed to sell and the defendants, of whom one was the mother of the plaintiffs and the other two were their sisters, agreed to buy the plaintiffs' one-third interest in a parcel of real estate, owned in common by all the parties. The mother owned an adjoining parcel and a house had been erected which stood on both parcels. At the time the agreement was made, a petition for partition of the parcel owned in common was pending in the Probate Court. The defendants proceeded with the partition proceedings, understanding that the plaintiffs would use every effort to prevent partition and to require the defendants to perform their agreement. The plaintiffs sought to have the partition proceedings dismissed and obtained a temporary injunction "and the proceedings were held up." Before this injunction was dissolved the plaintiffs brought an action, described in the writ as of contract or tort, the writ being dated August 6, 1935, and returnable on the first Monday

of October, 1935. On September 6, 1935, the plaintiffs moved to amend the action at law into a suit in equity, and this bill was filed on the same day. At some time the injunction was dissolved and the parcel sold as a result of the partition proceedings. The judge found that the defendants in pressing their petition for partition prevented and excused the plaintiffs from tendering a deed; he ruled that the plaintiffs were entitled to the benefit of their contract and retained the bill for assessment of damages. A final decree was entered directing the defendants to pay the plaintiffs a sum which represented the difference between the agreed sale price and the amounts received by the plaintiffs from (1) the proceeds of the partition sale and (2) the deposit which was made by the defendants when the sales agreement was entered into, with costs. From this decree the defendants appealed.

It has not been argued that the plaintiffs could not seek to have their agreement enforced in equity, *Old Colony Railroad* v. *Evans*, 6 Gray, 25, *Spector* v. *Traster*, 270 Mass. 545; nor that where a suit is begun and prosecuted in good faith, in an attempt to enforce a supposed equitable claim, it may not be retained for the assessment of damages, *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 125, *Rosen* v. *Mayer*, 224 Mass. 494; nor that damages may not be assessed where performance of the contract becomes impossible, through no fault of the plaintiffs. *Labelle* v. *Lafleche*, 289 Mass. 140, 145. The defendants' contention, as stated by their counsel before the trial judge, was: "It is in the sound judicial discretion of the court if the court decides that it will not decree specific performance, to retain the bill for damages; but I do not understand that where specific performance is impossible (as it is in this case because of the fact that there has been a sale of the property by the commissioner and the plaintiffs cannot give a deed as they could if the original agreement were being performed), I do not understand then that they can under the guise of bringing a bill for specific performance have the question of their rights for breach of the contract determined on the equity side of the court and deprive the

defendants of their constitutional right of trial by jury, which they would have if it had been on the law side of the court. So that really the only issue, as I see it, that is before the court at the present time is whether there is any basis for any exercise of sound judicial discretion on the part of the court to entertain the bill for the purpose of deciding whether there are any damages due them for breach of contract, because in its judicial discretion it decides not to give specific performance." The defendants may be held fairly to the issue so raised in the trial court. *Birch* v. *Arnold & Sears, Inc.* 288 Mass. 125, 132.

Upon the allowance of the amendment from law to equity (G. L. [Ter. Ed.] c. 231, § 55), the suit is to be treated as if originally commenced in equity. *Lufkin* v. *Cutting*, 225 Mass. 599. G. L. (Ter. Ed.) c. 231, § 138. The practice in the probate courts is according to equity so far as practicable and applicable, *Glass* v. *Glass*, 260 Mass. 562 (see G. L. [Ter. Ed.] c. 241, § 25), and it is a general rule in equity that a plaintiff may as of right have his bill dismissed at any time before hearing upon payment of costs. *Nicolai* v. *Nicolai*, 283 Mass. 241. It would be an unusual situation where the judge would decline to dismiss a proceeding at any stage upon the request of all parties in interest.

The defendants petitioned the Probate Court for partition of the land owned in common. While this petition was pending, they agreed to purchase the plaintiffs' interest in this land. For reasons which do not appear, they failed to abide by the terms of their agreement and, against the objections of the plaintiffs, prosecuted their petition for partition to the end that the land was sold under a decree of the Probate Court. We do not think it can be said on this record that when the present proceeding was brought, the plaintiffs had no reasonable grounds to suppose that they were entitled to the relief they sought. The fact that they first brought an action at law which was amended into a suit in equity, having in mind the conclusiveness of the allowance of that amendment (G. L. [Ter. Ed.] c. 231, § 138), does not operate to the disadvantage of the plaintiffs. If the defendants had desired to carry out their agreement, it

was within their power to prevent the obstacle which they seek to set up as a reason why the plaintiffs should not have the fruits of their bargain. When the defendants agreed to purchase the land it is fair to assume that they must have had in their minds not only the pendency of the partition petition but also the consequences which would follow, if, instead of abandoning the petition, they insisted upon its prosecution. On this record it could have been found that the responsibility for the failure of consummation of the agreement rested upon the defendants. We cannot say that the judge was wrong in exercising his discretion to retain the bill for assessment of damages.

*Decree affirmed with costs.*