**GREENE v. MARSHALL.**

No. 3524.

Circuit Court of Appeals, First Circuit.

Feb. 16, 1940.

Israel Bernstein, of Boston, Mass., for appellant.

Richard H. Lee, of Boston, Mass., for appellee.

Before MAGRUDER, Circuit Judge, and MAHONEY and PETERS, District Judges.

PER CURIAM.

■ This is an appeal from a decree of the District Court ordering specific performance by the vendee of an executory contract to buy land. Jurisdiction rested on diversity of citizenship. The contract, which was made in Massachusetts, called for the purchase and sale of land in New Hampshire. Both parties have assumed that their rights in the case at bar are governed by the law of Massachusetts, rather than that of New Hampshire. In this case it does not matter which, because by the law of both states specific performance in proper cases may be decreed against the vendee as well as against the vendor. Mansfield v. Wiles, 1915, 221 Mass. 75, 108 N.E. 901; Spector v. Traster, 1930, 270 Mass. 545, 170 N.E. 567; Salmon Falls Mfg. Co. v. Portsmouth Co., 1865, 46 N.H. 249, 259, 260; Eckstein v. Downing, 1886, 64 N.H. 248, 258, 9 A. 626, 10 Am.St.Rep. 404. See Cathcart v. Robinson, 1831, 5 Pet. 264, 278, 8 L.Ed. 120; Merten v. Fertig, 1922, 8 Cir., 281 F. 908.

The case presents no unusual features. The decree is warranted by the trial judge's findings of fact; the essential findings are amply supported by the evidence.

■■ It was found by the District Court that formal tender of a deed by the plaintiff would have been futile in view of the defendant's announced intention not to perform. Whether or not the plaintiff would have been barred from recovery in an action at law for failure to tender a deed on the day set, courts of equity will ordinarily not regard time as of the essence in a contract for the sale of land; and no circumstances are disclosed here which would make it inequitable to enforce specific performance at this time. Mansfield v. Wiles, 1915, 221 Mass. 75, 80–

83, 108 N.E. 901·; Morgan v. Forbes, 1920, 236 Mass. 480, 485, 486, 128 N.E. 792; Ewins v. Gordon, 1870, 49 N.H. 444, 458–62.

 Appellant rightly contends that under the contract he is entitled to a conveyance free of encumbrances (save for a certain lease). He points to a mortgage of record still outstanding and expresses the apprehension that he may be forced to accept a conveyance with the encumbrance undischarged. This apprehension is unfounded. The decree assures the vendee of full counterperformance by the vendor. Under the decree the vendor must tender "a good and sufficient warranty deed" and must convey the land "free of encumbrances of record." · Unless these conditions are met the vendee is not required to pay the agreed price.

The decree of the District Court is affirmed with costs to the appellee.