ALEXANDRIA OLSZEWSKI *vs.* PETER SARDYNSKI & another.

Essex.     April 6, 1944. — September 12, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Equity Jurisdiction*, Specific performance, Remedy at law. *Contract*, Sale of real estate. *Equity Pleading and Practice*, Appeal, Demurrer.

Appeals from an interlocutory decree, entered after a full hearing of evidence but without decision thereon in a suit in equity for specific performance of a contract in writing, sustaining a demurrer to the bill filed by leave in the course of the hearing, and from a final decree dis-

missing the bill; presented to this court only the question whether the
bill stated a case for specific performance; upon reversal of the de-
crees because the bill did state such a case, the suit was remanded
to the Superior Court without determination whether on the evidence,
which was reported, the plaintiff was entitled to relief.

A demurrer to a bill in equity by the owner of land for specific perform-
ance of a contract in writing to purchase should not have been sus-
tained either for want of equity or on the ground that the plaintiff had
a plain, adequate and complete remedy at law where the bill contained
no averment of fact showing ground for refusing equitable relief in the
specific case, notwithstanding that the specific performance sought
would consist entirely of the payment of money by the defendant.

BILL IN EQUITY, filed in the Superior Court with a writ
dated April 13, 1943.

The case was heard by *Swift*, J., by whose order, in the
circumstances stated in the opinion, there were entered an
interlocutory decree sustaining the demurrer and a final
decree dismissing the bill "without prejudice to any rights
which the plaintiffs [*sic*] may have in an action at law."
The plaintiff appealed from both decrees.

*E. C. Jacobs*, for the plaintiff.

*R. L. Sisk*, (*H. P. Lesburt* with him,) for the defend-
ants.

LUMMUS, J.   This is a bill by a vendor of a lot of land
at the corner of Summer and Burns streets in Lynn on
which is a three-story frame building, to require specific
performance by the defendant vendees.   The bill alleged
that the parties entered into a written contract, a copy of
which was annexed, for sale and purchase for $11,000, of
which $200 was paid as a deposit, $8,000 was to be paid by
giving the vendor a purchase money mortgage, and the
balance of $2,800 was to be paid in cash.   The bill alleged
that the defendants refused to perform the contract.

The defendants answered on June 17, 1943.   A hearing
on the merits began on December 14, 1943, and the judge
ordered the evidence reported under Rule 76 of the Superior
Court (1932).   Soon after the hearing began counsel agreed,
with the approval of the judge, to an amendment of the
answer and to the filing of a separate demurrer to the bill
because of want of equity and the existence of a plain,
adequate and complete remedy at law.   These changes in

the pleadings were made on the same day. The hearing of the evidence proceeded to its conclusion.

It is permissible, and sometimes wise, for a judge to hear an equity case on its merits, postponing consideration of a demurrer. *Pearson* v. *Mulloney,* 289 Mass. 508, 511. *Peterson* v. *Hopson,* 306 Mass. 597, 610. The purpose of such a course is to base the decision on facts rather than words. A decree dismissing a bill because the facts proved entitle the plaintiff to no relief would in practice foreclose amendment and end the litigation. On the other hand, proof of facts calling for relief doubtless would lead to any needed amendment of the bill. In the present case, for some reason not apparent to us, the judge heard the evidence, but made no decision upon it, and based the dismissal of the bill upon the sustaining of the demurrer. Therefore the question immediately before us on the plaintiff's appeal is whether the bill states a case for specific performance.

In contending that the plaintiff has a plain, adequate and complete remedy at law, the defendants rely upon *Jones* v. *Newhall,* 115 Mass. 244, where specific performance was denied to a vendor on that ground. But in that case there was a statute expressly limiting equity jurisdiction to cases in which there was no such remedy at law (*Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 650, 651), and equity could give the vendor no relief except that of requiring the payment of certain instalments that could be collected in full at law. That case does not control this one. See *Noyes* v. *Bragg,* 220 Mass. 106, 109.

The facts that the plaintiff is the vendor and that performance by the vendee would consist entirely or primarily of the payment of money have never prevented specific performance. Commonly the remedy at law of a vendor is not adequate. Every piece of real estate has some unique disadvantage as well as advantage. The eagerness of buyers to acquire some properties is matched by the joy with which sellers part with others. Ownership of real estate is burdensome even when profitable. It hampers mobility. Years may be required to find a buyer. When at last a buyer is found, and a contract made which is

broken by the buyer, the owner, with the real estate still on his hands, finds that at law he can recover only the excess, if any, of the price over the value as judicially appraised. *Brigham* v. *Evans*, 113 Mass. 538. *Boyden* v. *Hill*, 198 Mass. 477, 486. Williston, Contracts (Rev. ed. 1937) § 1399. For these reasons, to say nothing of more technical ones (Fry, Spec. Perf. [6th ed. 1921] § 72), one of which was rejected in *Eckstein* v. *Downing*, 64 N. H. 248, 257–260, Am. Law Inst. Restatement: Contracts, § 372 (2), and Williston, Contracts (Rev. ed. 1937) § 1443, a vendor is regularly granted specific performance unless some ground for denying it exists in the particular case.[1] On the face of the bill we see no reason why the plaintiff should not have a decree for specific performance. The demurrer should have been overruled.

If the reported evidence in favor of the plaintiff is believed, she should obtain a decree for specific performance. We ought not, we think, to assume the function of a court of first instance by finding the facts upon the printed report of the evidence. The facts should be found in the first place by a tribunal that can see and hear the witnesses.

> *Interlocutory decree sustaining*
> *demurrer reversed.*
> *Final decree reversed.*

---

[1] *Hilliard* v. *Allen*, 4 Cush. 532. *Old Colony Railroad* v. *Evans*, 6 Gray, 25, 30. *Park* v. *Johnson*, 4 Allen, 259. *Boynton* v. *Hazelboom*, 14 Allen, 107. *Sturtevant* v. *Jaques*, 14 Allen, 523. *Dresel* v. *Jordan*, 104 Mass. 407. *Roberts* v. *Bassett*, 105 Mass. 409. *Jones* v. *Newhall*, 115 Mass. 244, 248. *Jeffries* v. *Jeffries*, 117 Mass. 184. *Noyes* v. *Johnson*, 139 Mass. 436. *Daniell* v. *Shaw*, 166 Mass. 582. *Loring* v. *Whitney*, 167 Mass. 550. *Conley* v. *Finn*, 171 Mass. 70. *Chauncey* v. *Leominster*, 172 Mass. 340. *Cawley* v. *Jean*, 189 Mass. 220. *Staples* v. *Mullen*, 196 Mass. 132. *Close* v. *Martin*, 208 Mass. 236. *Mansfield* v. *Wiles*, 221 Mass. 75. *King* v. *Connors*, 222 Mass. 261. *Morse* v. *Stober*, 233 Mass. 223. *Hamilton* v. *Coster*, 249 Mass. 391. *Spector* v. *Traster*, 270 Mass. 545. *Labelle* v. *Lafleche*, 289 Mass. 140. *Goodyear Park Co.* v. *Holyoke*, 291 Mass. 11. *Farrell* v. *Farrell*, 299 Mass. 187. *Mahoney* v. *Nollman*, 309 Mass. 522. *Oliver* v. *Poulos*, 312 Mass. 188. 41 Am. Law Reg. (N. S.) 65.