ACE TROPHY COMPANY, INC. *vs.* MAURICE GORDON & another.   May 31, 1968.   By this bill for declaratory relief the plaintiff seeks a determination of its rights and liabilities under a lease executed on August 30, 1960, between it and Eighteen Oliver Street Co., Inc. (Oliver).   The plaintiff also sought to restrain the lessor from proceeding with an action of summary process which it had commenced in the Municipal Court of the City of Boston.   The defendants demurred chiefly on the ground that the plaintiff had a plain and adequate remedy at law.   The judge reserved decision of the demurrer, until after he had heard the case on the merits.   *Olszewski* v. *Sardynski,* 316 Mass. 715, 717. The judge made a report of material facts.   The evidence is reported.   On August 13, 1965, Oliver sold the premises to Marine Realty Corp. subject to the lease.   The lease ran for a term of five years and ten months from September 1, 1960.   Under it the plaintiff was given the right to extend the term for a further term of five years from July 1, 1966.   The right to extend was conditioned on (1) written notice before a certain date to the lessor by the plaintiff of its intention to extend and (2) the existence at that time of annual gross sales of at least $150,000.   The judge found that these conditions had been satisfied, and concluded that the lease was in full force and effect.   A final decree was entered enjoining the defendants from interfering with the plaintiff's lease.   The judge also overruled the defendants' demurrer.   Although this order was not embodied in a decree it is in substance an interlocutory decree and will be treated as such.   *Bressler* v. *Averbuck,* 322 Mass. 139, 143.   The defendants appealed from the final decree but not from the interlocutory decree overruling the demurrer.   Nevertheless, the correctness of the interlocutory decree is open for revision on the appeal from the final decree.   See G. L. c. 214, § 27.   *Rigs* v. *Sokol,* 318 Mass. 337.   There was no error.   The findings of the judge were amply supported by the evidence.   The bill alleges — and in fact there was — an actual controversy; the case is a proper one for declaratory relief.   *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 518.   Even if the plaintiff could set up, as it did, an equitable defence to the summary process under G. L. c. 231, § 31, it might instead, at its option, bring this proceeding both for declaratory relief and to restrain the prosecution of the summary process.   The plaintiff's remedy at law cannot be said to be plain, adequate and complete.   The demurrer was rightly overruled.   This aspect of the case is governed by *Elm Farm Foods Co.* v. *Cifrino,* 328 Mass. 549.

*Decree affirmed with double costs.*

*S. Myron Klarfeld* for the defendants.
*Morris Michelson* for the plaintiff.