FLORENCE B. QUIMBY *vs.* JAMES E. McHUGH. December 23, 1975. We find no such conflict between the provisions of the fourth and fifth paragraphs of the purchase and sale agreement dated October 19, 1973, as that which appears to have troubled the trial judge. Reading the printed provisions of the fifth paragraph together with the typed provisions of both paragraphs (see *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co.* 317 Mass. 652, 654 [1945]), and giving preference to a construction which will render the agreement valid and enforceable (*Berger* v. *Siegel,* 329 Mass. 74, 77-78 [1952]), the plaintiff's promise was not to convey the premises in question but to convey by a quitclaim deed (see G. L. c. 183, §§ 11, 17 and app. form [2 (as appearing in St. 1971, c. 423, § 1)]; *Silverblatt* v. *Livadas,* 340 Mass. 474, 476-478 [1960]) all her right, title and interest (if any) in and to the premises (see *Blanchard* v. *Brooks,* 12 Pick. 47, 66-67 [1831]; *Baker* v. *Davie,* 211 Mass. 429, 439 [1912]; *United Sugar Co.* v. *Guaranty Trust Co.* 254 Mass. 292, 293-294 [1926]). See also *Hoxie* v. *Finney,* 16 Gray 332, 333 (1860). The final decree is reversed; the case is to be retried (compare *Olszewski* v. *Sardynski,* 316 Mass. 715, 718 [1944]) on the basis that the agreement is not unenforceable by reason of anything found in the findings, rulings and order dated June 18, 1974.

*So ordered.*

*Charles R. Desmarais* for the plaintiff.